UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **KABEER KHAN**, <br><br>    Plaintiff, <br><br> v. <br><br> **7-ELEVEN, INC.**, <br><br>    Defendant. | Bristol County C.A. No. 1473-cv-00851 |

## NOTICE OF REMOVAL

The defendant 7-Eleven, Inc. ("7-Eleven") removes the above-captioned matter pending in the Superior Court of the Commonwealth of Massachusetts, County of Bristol, to the United States District Court for the District of Massachusetts.

1.  **Removal Jurisdiction**:  Under 28 U.S.C. § 1441(a), a defendant may remove a civil action brought in state court so long as the district court would have original jurisdiction. The parties in this matter are citizens of different states and the matter in controversy exceeds $75,000 in amount.  Accordingly, original jurisdiction exists under 28 U.S.C. § 1332.

2.  **Nature of Lawsuit**:  Kabeer Khan and 7-Eleven are parties to a franchise agreement. Khan accuses 7-Eleven of conduct designed to terminate or constructively terminate the franchise agreement. Khan's claims are for breach of contract, tortious interference, constructive termination, breach of good faith and fair dealing, and a violation of MGL c.93A.

3.  **Citizenship of Parties**: Khan is a resident of Bristol County in the Commonwealth of Massachusetts. 7-Eleven is a Texas corporation with its principal place of business is in Dallas County, Texas.  The parties are therefore of completely diverse citizenship. See 28 U.S.C. § 1332(a) & (c).

1

4. **Amount in Controversy (Damages)**: Khan seeks unspecified damages and demands equitable relief. As to his damages claims, the calculus for a breach of multi-year franchise agreement is ordinarily lost profits over the agreement's remaining (natural) term, which in this instance is seven years and four months (expiring in November of 2021). The 2013 net income for the franchised business was $87,252.71. Accordingly, even assuming a conservative discount rate for future damages, Khan's damages claim exceeds $75,000, exclusive of interest and costs.

5. **Amount in Controversy (Equitable Relief)**: The value of that equitable relief sought by Khan also exceeds $75,000.00, exclusive of interest and costs:

   A. *Value of Equitable Relief*: If equitable relief is sought, the amount-in-controversy is "measured by the value of the object of the litigation." Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977). This value is ascertained from "the judgment's pecuniary consequences to those involved in the litigation." Richard C. Young & Co. v. Leventhal, 389 F.3d 1, 3 (1st Cir.2004).

   B. *Pecuniary Consequence to Plaintiff:* Khan alleges that he purchased the franchised business for $220,000. Therefore, from Khan's perspective, the object of this litigation is the franchised business that he seeks to protect from termination and that he values at more than $75,000.00.

   C. *Pecuniary Consequence to 7-Eleven:* If 7-Eleven is enjoined: (1) Khan will have continued, indefinite use 7-Eleven's store premises, which are worth far more than $75,000; (2) 7-Eleven will be unable to recover more than $75,000 in equipment that is presently in Khan's possession; and (4) 7-Eleven would have to provide hundreds of thousands, even millions of dollars in

financing to Khan with no assurance of repayment and no verifiable collateral. Accordingly, the pecuniary burden of an injunction on 7-Eleven would be far greater than $75,000.

5. **Procedural Requisites to Removal**:   7-Eleven has satisfied each of the procedural conditions to an effective removal:

   *A.* *Removal to Proper Court*:  This Court is part of "the district and division embracing the place where" the lawsuit was filed – Bristol County, Massachusetts.  See 28 U.S.C. 1446(a).

   *B.* *Consent to Removal:* 7-Eleven is the sole defendant in this action and no additional consent is required.  See 28 U.S.C. 1446(a).

   *C.* *Removal is Timely*: 7-Eleven files this notice of removal with the United States District Court for the District of Massachusetts within 30 days after 7-Eleven's receipt of the summons and complaint.  See 28 U.S.C. § 1446(b).

   *D.* *Pleadings and Process*:  Attached to this notice are copies of all process, pleadings and orders served upon 7-Eleven in the state court action.  See 28 U.S.C. § 1446(a):

   Exhibit 1 - Civil Action Cover Sheet
   Exhibit 2 - Plaintiff's Motion to Appoint Special Process Server
   Exhibit 3 - Summons & Order of Notice
   Exhibit 4 - Verified Complaint
   Exhibit 5 - Plaintiff's Motion for Injunctive Relief

   *E.* *Notice:*  Attached to this Notice as **Exhibit 6** is a copy of the notice of filing notice of removal, which will be promptly served upon Khan's counsel and filed with the Clerk of the Superior Court for Bristol County, Massachusetts.

**WHEREFORE**, this action should proceed in the United States District Court for the District of Massachusetts as an action properly removed.

Dated:  August 18, 2014

                    Respectfully submitted,

                    7-ELEVEN, INC.,
By its attorneys,

*/s/ Carolyn A. Alenci*
Steven M. Cowley (BBO #554534)
Carolyn A. Alenci   (BBO# 675744)
DUANE MORRIS, LLP
100 High Street, Suite 2400
Boston, MA  02110
Tel:  1-857-488-4200
Fax:  1-847-488-4201
smcowley@duanemorris.com
caalenci@duanemorris.com

*Of Counsel*

Christian C. Burden
Quarles & Brady LLP
101 E. Kennedy Blvd., Ste. 3400
Tampa, Florida 33602
Tel: (813) 387-0265
chris.burden@quarles.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon John P. Francoeur, the attorney of record for Plaintiff, by email and United States First Class Mail this 18th day of August, 2014 at the following address:

John P. Francoeur, Esq.
LEVIN & LEVIN
138 Rock Street
P.O. Box 2566
Fall River, MA 02722
Email:  jpf@levin4law.com

                                        */s/ Carolyn A. Alenci*
                                        Carolyn A. Alenci