# EXHIBIT 4

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT

BRISTOL, ss

| | |
|---|---|
| KABEER KHAN, d/b/a 7-Eleven<br>  STORE NO.: 32449B<br>    Plaintiff<br><br>vs.<br><br>7-ELEVEN, INC.,<br>    Defendant | )<br>)<br>)<br>)<br>)   No: BRCV2014-<br>)<br>)<br>) |

## VERIFIED COMPLAINT

Now comes the Plaintiff, Kabeer Khan, by and through counsel, and states the following by way of Complaint:

1. The Plaintiff, Kabeer Khan, is an individual with a usual place of residence in Fall River, Bristol County, Massachusetts.

2. The Defendant, 7-Eleven Inc., is a Texas Corporation duly authorized to conduct business in the Commonwealth of Massachusetts. 7-Eleven Inc., maintains a place of business at 1722 Routh Street, Suite 1000, Dallas, Texas 75201. 7-Eleven Inc. is a wholly-owned subsidiary of Seven-Eleven Japan Co., Ltd.

3. The Plaintiff is a Franchisee of the Defendant and operates a 7-Eleven convenience store at 1040 North Main Street, Fall River, Massachusetts.

4. On or about October 18, 2006, the parties entered into a Franchise Agreement which granted the Plaintiff the franchise for the above location.

5. The Plaintiff paid a fee of $220,000.00 which included a franchise fee to 7-Eleven, Inc., a contribution towards his net worth with the defendant and "good will" from the seller.

6. The operation of the store by the Plaintiff is the means of support for he and his family.

7. The Plaintiff has developed the store from an under producing site to one that is profitable for he and the Defendant.

8. The Plaintiff is an active supporter of two franchise owner's associations which represent the store owner's interests against those of the defendant corporation. In 2012 the Plaintiff led a successful challenge to an audit conducted by 7-Eleven which would have financially crippled many of the franchisees.

9. On August 7, 2014, the Defendant, through its agents, arrived at his store and presented him with a "Notice of Material Breach" letter which indicates: "You have materially breached the Franchise Agreement and failed substantially to comply with your obligations under it because you failed to cause all transaction information to be properly, accurately, truthfully and completely recorded and reported to 7-Eleven. Specifically, 7-Eleven has investigated Store 32449B and determined that you and your employees have engaged in a pervasive scheme to defraud by providing purposely inaccurate information through 7-Eleven's point of sale and cash reporting systems. This purpose of this scheme is to further an enterprise of accepting EBT ("Electronic Benefit Transfers") in exchange for cash and ineligible products like cigarettes: . . (A copy of the Material Breach Letter is attached as Exhibit 1)

10. The Defendant alleges that the Plaintiff's conduct goes back to January of 2012 and that they conducted an investigation into this false reporting of EBT transactions.

11. The Plaintiff was shown a 30 second video tape of an employee allegedly swiping an EBT card and giving a customer cash as evidence of a scheme to defraud.

12. The plaintiff has not viewed any other video or documentary evidence to show that he or his employees were involved in a scheme to defraud.

13. Under the franchise agreement with the Defendant, the Plaintiff controls the accounting for the store and controls all of the bookkeeping. Monies received through credit, debit and EBT are deposited into an account controlled by 7-Eleven.

14. Defendant has failed to demonstrate that the Plaintiff received any cash benefit as a result of the alleged scheme to defraud.

15. The August 7th Material Breach letter informs the Plaintiff that he has a right to "cure" the alleged breach within three (3) business days by: [providing]

"a) A full, accurate and complete accounting of all fraudulently reported sales, voids, EBT payments, and other transactions to 7-Eleven from January 1, 22012 to the present day… You are warned that that [sic] 7-Eleven does not consider any failure by you to have adequate record keeping of the frauds committed an excuse for your failure to render the full, accurate accounting to it.
  b) A narrative in your own, legible handwriting detailing the frauds undertaken at you store, the methods of fraud and the proceeds realized from it. . .
  c) A certified check payment to 7-Eleven of $10,000.00 to compensate it for the expense of its investigation of the Store. . ."

16. The so called "cure" provisions are unrealistic and impossible to comply with in three business days. Further, they are designed to set the franchisee up to fail and are not legitimate cure provisions.

17. The Plaintiff alleges that the "cure" provisions violate his rights under the Massachusetts Declaration of Rights as well as the U.S. Constitution as they require him to admit that he participated in criminal activity in order to remain a franchisee of the Defendant.

18. The Plaintiff did take action in an effort to comply with the "cure" provisions including terminating the employment of his brother, Sameer Khan, who was the store manager. Plaintiff also offered to pay the $10,000.00 "reimbursement" fee to 7-Eleven. He could not however, produce records which showed fraudulent activity as he was unaware of any.

19. The Plaintiff, through counsel, responded to the Material Breach letter and indicated that the Plaintiff was unaware of the "fraud" as alleged by 7-Eleven. The Plaintiff indicated that his financial records provided by 7-Eleven do not show transactions involving EBT. (Unlike debit and credit which are shown on daily reports.)

20. Under the 7-Eleven franchise system, the Plaintiff's store undergoes scheduled quarterly audits. None have revealed any financial irregularities at the Plaintiff's store.

21. The Defendant has claimed in its Material Breach letter to the Plaintiff that his store has an unusually high number of voided transactions, non scanned sales and 25 cent transaction. However, 7-Eleven's own documents show that the store has a lower than average number of these transactions in the same market. (Copy of Weekly POS Activity Summaries attached hereto as Exhibit 2.)

22. On August 12, 2014, the Plaintiff received a Notice of Termination of his Franchise Agreement and was told to return the keys to the store and vacate the property due to his failure to "cure" the August 7th Material Breach.

## COUNT I BREACH OF CONTRACT

23. The Plaintiff restates and reavers the allegations contained in paragraphs 1 through 22 of the Complaint as if set forth fully herein.

24. The Defendant has breached the Franchise Agreement by failing to treat the Plaintiff fairly in all transactions.

25. The Defendant has breached the Franchise Agreement by issuing a notices of material breach for an alleged fraudulent EBT scheme in which it provided no evidence and instead, required the Plaintiff to details his alleged frauds and his proceeds.

26. The Defendant has breached the Franchise Agreement by issuing unsubstantiated and unsupported notice of material breach.

27. The Defendant's actions have caused the Plaintiff to suffer monetary damages and costs.

Wherefore, the Plaintiff demands judgment, the award of monetary damages, interest and costs.

## COUNT II  INTENTIONAL INTERFERENCE WITH CONTRACT

28. The Plaintiff repeats and re-avers the allegations contained in paragraphs 1 through 27 of the Complaint as if set forth fully herein.

29. The Defendant has denied financing to the Plaintiff which has interfered with the Plaintiff's ability to pay vendors, invoices, bills and employees, all without notice.

30. The above described actions of the Defendant were intentional and interfered with the Plaintiff's contractual rights with third parties.

31. The Defendant's actions in intentionally interfering with contracts has caused the Plaintiff to suffer economic damages.

Wherefore, the Plaintiff demands judgment, the award of monetary damages, interests and costs.

## COUNT III CONSTRUCTIVE TERMINATION

32. The Plaintiff restates and re-avers the allegations contained in paragraphs 1 through 31 of the Complaint as if set forth fully herein.

33. As of August 7, 2014, the Defendant removed a money order machine, prepaid cards.

34. As of May 9, 2014, the Defendant stopped financing the Plaintiff's store thereby ceasing payments to vendors, utilities and to employees.

35. As a result, vendors have stopped making delivery of product and leaving little to sell.

36. By letter dated May 9th, the Defendant gave the Plaintiff until May 15th to "cure" the breaches but has constructively terminated the Plaintiff's franchise agreement by the above described actions.

37. The actions of the Defendant are wrongful and are designed to force the Plaintiff to capitulate to the demands of 7-Eleven in advance of the cure period.

38. The above-described actions have caused the Plaintiff to suffer severe economic harm.

Wherefore, Plaintiff demands judgment, the award of monetary damage, interest and costs.

## COUNT IV VIOLATION OF THE CONVENANT OF GOOD FAITH AND FAIR DEALING

39. The Plaintiff restates and re-avers the allegations contained in paragraphs 1 through 38 of the Complaint as if set forth fully herein.

40. The Parties entered into a franchise agreement in Massachusetts in October of 2006.

41. The above described actions of the Defendant violate the covenant of good faith and fair dealing inherent in every Massachusetts contract.

42. The Defendant's violation of this covenant has caused the Plaintiff to suffer severe economic damages.

Wherefore, the Plaintiff demands judgment, the award of monetary damages, interest and costs.

## COUNT V VIOLATION OF MGL 93A

43. The Plaintiff restates and re-avers the allegations contained in paragraphs 1 through 42 of the Complaint as if set forth fully herein.

44. The Plaintiff and Defendant are both engaged in commerce as defined under MGL c93A.

45. The Defendant has violated Massachusetts General Laws chapter 93A, Section 11 by committing the following unfair and deceptive acts or practices:

   a. Generating Notice of Material Breach without any support for the alleged breach;
   b. Discontinuing financing for his store;
   c. Interfering with his contractual rights with the state lottery, vendors and employees;
   d. Creating impossible "cure" provisions for the material breaches;
   e. Stopping vendors from providing goods;

46. The above described acts have caused my client to suffer severe economic damages. Wherefore, the Plaintiff demands judgment, the award of monetary damages, treble damages and attorney fees pursuant to the above referenced statute, interest and cost.

Further, Plaintiff respectfully requests that this Honorable Court make the following equitable relief:

1. Enter an Order enjoining the Defendant temporarily from entering his store, ousting the Plaintiff from the premises, and taking possession of the store permanently pending a hearing by this Court in order to preserve the status quo. Plaintiff further states that he has a likelihood of success on the merits and the harm to him is greater than the harm to the Defendant if the request for equitable relief is not granted.
2. Order the Defendant to leave the store financing in place as well as continue payroll for the store's employees and vendor payments;
3. Allow the Plaintiff to obtain an independent certified public accountant to review all records in dispute;
4. Grant a short Order of Notice so that the Parties may be heard;
5. Anything else the Court deems just and mete.

> Respectfully submitted,
> Kabeer Khan
> By his attorney,
>
> *(signature)*
>
> John P. Francoeur, Esquire
> LEVIN & LEVIN
> 138 Rock Street, P.O. Box 2566
> Fall River, MA 02722
> BBO#555973
> August 12, 2014

## VERIFICATION

I, Kabeer Khan, have read the foregoing Complaint and state that the information contained therein is true and accurate to the best of my knowledge and belief.

*(signature)*
Kabeer Khan