

**COMMONWEALTH OF MASSACHUSETTS**
**BRISTOL COUNTY**
**Public Docket Report**

14cv13384-WGY

**1473CV00851**
**Kabeer Khan vs. 7-Eleven Inc**

FILED
IN CLERK'S OFFICE

| | |
|---|---|
| **CASE TYPE:** Contract / Business Cases | **FILE DATE:** 08/12/2014 |
| **ACTION CODE:** A99 | **CASE TRACK:** F - Fast Track |
| **DESCRIPTION:** Other Contract Action | |
| **CASE DISPOSITION DATE** 08/18/2014 | **CASE STATUS:** Closed |
| **CASE DISPOSITION:** Transferred to another Court | **STATUS DATE:** 08/18/2014 |
| **CASE JUDGE:** | **CASE SESSION:** Civil A (New Bedford) |

### LINKED CASE

### DCM TRACK

| Tickler Description | Due Date | Completion Date |
|---|---|---|
| Service | 11/10/2014 | |
| Answer | 12/10/2014 | |
| Rule 12/19/20 Served By | 12/10/2014 | |
| Rule 12/19/20 Filed By | 01/09/2015 | |
| Rule 12/19/20 Heard By | 02/09/2015 | |
| Rule 15 Served By | 12/10/2014 | |
| Rule 15 Filed By | 01/09/2015 | |
| Rule 15 Heard By | 02/09/2015 | |
| Discovery | 06/08/2015 | |
| Rule 56 Served By | 07/08/2015 | |
| Rule 56 Filed By | 08/07/2015 | |
| Final Pre-Trial Conference | 12/07/2015 | |
| Judgment | 06/02/2016 | |

### PARTIES

| **Plaintiff**<br>Kabeer Khan | **Private Counsel** 555973<br>John P. Francoeur<br>Levin & Levin<br>Levin & Levin<br>P.O. Box 2566<br>138 Rock Street<br>Fall River, MA 02722<br>Work Phone (508) 678-2824<br>Added Date: 08/12/2014 |
|---|---|



**COMMONWEALTH OF MASSACHUSETTS**
**BRISTOL COUNTY**
**Public Docket Report**

| **Defendant** | **Private Counsel** | **675744** |
|---|---|---|
| 7-Eleven Inc | Carolyn Anne Alenci | |
| | Duane Morris LLP | |
| | Duane Morris LLP | |
| | 100 High Street | |
| | Boston, MA 02110-1724 | |
| | Work Phone (857) 488-4240 | |
| | Added Date: 08/18/2014 | |

| PARTY CHARGES | | | | | |
|---|---|---|---|---|---|
| # | Offense Date/ Charge | Code | Town | Disposition | Disposition Date |

| EVENTS | | | | |
|---|---|---|---|---|
| **Date** | **Session** | **Event** | **Result** | **Resulting Judge** |
| 08/19/2014 | Civil A (New Bedford) | Hearing on Preliminary Injunction | Canceled | Moses |

| FINANCIAL SUMMARY | | | | |
|---|---|---|---|---|
| **Fees/Fines/Costs** | **Assessed** | **Paid** | **Dismissed** | **Balance** |
| Total | 280.00 | 280.00 | 0.00 | 0.00 |



**COMMONWEALTH OF MASSACHUSETTS**
**BRISTOL COUNTY**
**Public Docket Report**

| INFORMATIONAL DOCKET ENTRIES | | | |
|---|---|---|---|
| **Date** | **Ref** | **Description** | **Judge** |
| 08/12/2014 | 1 | Original civil complaint filed. | |
| 08/12/2014 | 2 | Civil action cover sheet filed. | |
| 08/12/2014 | | Case assigned to:<br>DCM Track FST was added on 08/12/2014 with the following milestones:<br>Service Due 11/10/2014<br>Answer Due 12/10/2014<br>Rule 12/19/20 Served By Due 12/10/2014<br>Rule 12/19/20 Filed By Due 01/09/2015<br>Rule 12/19/20 Heard By Due 02/09/2015<br>Rule 15 Served By Due 12/10/2014<br>Rule 15 Filed By Due 01/09/2015<br>Rule 15 Heard By Due 02/09/2015<br>Discovery Due 06/08/2015<br>Rule 56 Served By Due 07/08/2015<br>Rule 56 Filed By Due 08/07/2015<br>Final Pre-Trial Conference Due 12/07/2015<br>Judgment Due 06/02/2016 | |
| 08/12/2014 | 3 | Kabeer Khan's MOTION for appointment of Special Process Server.<br>Moniz & Latimer Constable Service | |
| 08/12/2014 | | Endorsement on Motion (#3.0) is ALLOWED | Ferriera |
| 08/12/2014 | 4 | Plaintiff(s) Kabeer Khan's Motion for a Preliminary Injunction | |
| 08/12/2014 | | Appearance entered<br>On this date John P Francoeur, Esq. added as Private Counsel for Plaintiff<br>Kabeer Khan | |
| 08/18/2014 | | Appearance entered<br>On this date Carolyn Anne Alenci, Esq. added as Private Counsel for<br>Defendant 7-Eleven Inc | |
| 08/18/2014 | | Case transferred to another court. | |
| 08/18/2014 | 6 | REMOVED to the U.S. District Court | |
| 08/19/2014 | | Event Result:<br>The following event: Hearing on Preliminary Injunction scheduled for<br>08/19/2014 02:00 PM has been resulted as follows:<br>Result: Canceled<br>Reason: Request of Defendant | Moses |

A True Copy By Photostatic Process
Attest.

Asst. Clerk of Courts

# #1

## COMMONWEALTH OF MASSACHUSETTS
## TRIAL COURT OF THE COMMONWEALTH
## SUPERIOR COURT DEPARTMENT

**BRISTOL, ss**

BRISTOL, SS SUPERIOR COURT
FILED

AUG 1 2 2014

MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

KABEER KHAN, d/b/a 7-Eleven )
   STORE NO.: 32449B )
     Plaintiff )
      )
vs. )   **No: BRCV2014- 851-C**
      )
7-ELEVEN, INC., )
     Defendant )

## VERIFIED COMPLAINT

Now comes the Plaintiff, Kabeer Khan, by and through counsel, and states the following by way of Complaint:

1. The Plaintiff, Kabeer Khan, is an individual with a usual place of residence in Fall River, Bristol County, Massachusetts.

2. The Defendant, 7-Eleven Inc., is a Texas Corporation duly authorized to conduct business in the Commonwealth of Massachusetts. 7-Eleven Inc., maintains a place of business at 1722 Routh Street, Suite 1000, Dallas, Texas 75201. 7-Eleven Inc. is a wholly-owned subsidiary of Seven-Eleven Japan Co., Ltd.

3. The Plaintiff is a Franchisee of the Defendant and operates a 7-Eleven convenience store at 1040 North Main Street, Fall River, Massachusetts.

4. On or about October 18, 2006, the parties entered into a Franchise Agreement which granted the Plaintiff the franchise for the above location.

5. The Plaintiff paid a fee of $220,000.00 which included a franchise fee to 7-Eleven, Inc., a contribution towards his net worth with the defendant and "good will" from the seller.

6. The operation of the store by the Plaintiff is the means of support for he and his family.

7. The Plaintiff has developed the store from an under producing site to one that is profitable for he and the Defendant.

*[handwritten marginal note, right side:]* Newbedford 8/19/14 2PM. No. Mc... And C/Un. Specier Court @ 2PM. Nabimaby issue to S.d.N. fr 8/12/14

8. The Plaintiff is an active supporter of two franchise owner's associations which represent the store owner's interests against those of the defendant corporation. In 2012 the Plaintiff led a successful challenge to an audit conducted by 7-Eleven which would have financially crippled many of the franchisees.

9. On August 7, 2014, the Defendant, through its agents, arrived at his store and presented him with a "Notice of Material Breach" letter which indicates: "You have materially breached the Franchise Agreement and failed substantially to comply with your obligations under it because you failed to cause all transaction information to be properly, accurately, truthfully and completely recorded and reported to 7-Eleven. Specifically, 7-Eleven has investigated Store 32449B and determined that you and your employees have engaged in a pervasive scheme to defraud by providing purposely inaccurate information through 7-Eleven's point of sale and cash reporting systems. This purpose of this scheme is to further an enterprise of accepting EBT ("Electronic Benefit Transfers") in exchange for cash and ineligible products like cigarettes: . . (A copy of the Material Breach Letter is attached as Exhibit 1)

10. The Defendant alleges that the Plaintiff's conduct goes back to January of 2012 and that they conducted an investigation into this false reporting of EBT transactions.

11. The Plaintiff was shown a 30 second video tape of an employee allegedly swiping an EBT card and giving a <u>customer</u> cash as evidence of a scheme to defraud.

12. The plaintiff has not viewed any other video or documentary evidence to show that he or his employees were involved in a scheme to defraud.

13. Under the franchise agreement with the Defendant, the Plaintiff controls the accounting for the store and controls all of the bookkeeping. Monies received through credit, debit and EBT are deposited into an account controlled by 7-Eleven.

14. Defendant has failed to demonstrate that the Plaintiff received any cash benefit as a result of the alleged scheme to defraud.

15. The August 7th Material Breach letter informs the Plaintiff that he has a right to "cure" the alleged breach within three (3) business days by: [providing]

"a) A full, accurate and complete accounting of all fraudulently reported sales, voids, EBT payments, and other transactions to 7-Eleven from January 1, 22012 to the present day… You are warned that that [sic] 7-Eleven does not consider any failure by you to have adequate record keeping of the frauds committed an excuse for your failure to render the full, accurate accounting to it.

b) A narrative in your own, legible handwriting detailing the frauds undertaken at you store, the methods of fraud and the proceeds realized from it. . .

c) A certified check payment to 7-Eleven of $10,000.00 to compensate it for the expense of its investigation of the Store. . ."

16. The so called "cure" provisions are unrealistic and impossible to comply with in three business days. Further, they are designed to set the franchisee up to fail and are not legitimate cure provisions.

17. The Plaintiff alleges that the "cure" provisions violate his rights under the Massachusetts Declaration of Rights as well as the U.S. Constitution as they require him to admit that he participated in criminal activity in order to remain a franchisee of the Defendant.

18. The Plaintiff did take action in an effort to comply with the "cure" provisions including terminating the employment of his brother, Sameer Khan, who was the store manager. Plaintiff also offered to pay the $10,000.00 "reimbursement" fee to 7-Eleven. He could not however, produce records which showed fraudulent activity as he was unaware of any.

19. The Plaintiff, through counsel, responded to the Material Breach letter and indicated that the Plaintiff was unaware of the "fraud" as alleged by 7-Eleven. The Plaintiff indicated that his financial records provided by 7-Eleven do not show transactions involving EBT. (Unlike debit and credit which are shown on daily reports.)

20. Under the 7-Eleven franchise system, the Plaintiff's store undergoes scheduled quarterly audits. None have revealed any financial irregularities at the Plaintiff's store.

21. The Defendant has claimed in its Material Breach letter to the Plaintiff that his store has an unusually high number of voided transactions, non scanned sales and 25 cent transaction. However, 7-Eleven's own documents show that the store has a lower than average number of these transactions in the same market. (Copy of Weekly POS Activity Summaries attached hereto as Exhibit 2.)

22. On August 12, 2014, the Plaintiff received a Notice of Termination of his Franchise Agreement and was told to return the keys to the store and vacate the property due to his failure to "cure" the August 7th Material Breach.

## COUNT I BREACH OF CONTRACT

23. The Plaintiff restates and reavers the allegations contained in paragraphs 1 through 22 of the Complaint as if set forth fully herein.

24. The Defendant has breached the Franchise Agreement by failing to treat the Plaintiff fairly in all transactions.

25. The Defendant has breached the Franchise Agreement by issuing a notices of material breach for an alleged fraudulent EBT scheme in which it provided no evidence and instead, required the Plaintiff to details his alleged frauds and his proceeds.

26. The Defendant has breached the Franchise Agreement by issuing unsubstantiated and unsupported notice of material breach.

27. The Defendant's actions have caused the Plaintiff to suffer monetary damages and costs.

Wherefore, the Plaintiff demands judgment, the award of monetary damages, interest and costs.

## COUNT II INTENTIONAL INTERFERENCE WITH CONTRACT

28. The Plaintiff repeats and re-avers the allegations contained in paragraphs 1 through 27 of the Complaint as if set forth fully herein.

29. The Defendant has denied financing to the Plaintiff which has interfered with the Plaintiff's ability to pay vendors, invoices, bills and employees, all without notice.

30. The above described actions of the Defendant were intentional and interfered with the Plaintiff's contractual rights with third parties.

31. The Defendant's actions in intentionally interfering with contracts has caused the Plaintiff to suffer economic damages.

Wherefore, the Plaintiff demands judgment, the award of monetary damages, interests and costs.

## COUNT III CONSTRUCTIVE TERMINATION

32. The Plaintiff restates and re-avers the allegations contained in paragraphs 1 through 31 of the Complaint as if set forth fully herein.

33. As of August 7, 2014, the Defendant removed a money order machine, prepaid cards.

34. As of May 9, 2014, the Defendant stopped financing the Plaintiff's store thereby ceasing payments to vendors, utilities and to employees.

35. As a result, vendors have stopped making delivery of product and leaving little to sell.

36. By letter dated May 9th, the Defendant gave the Plaintiff until May 15th to "cure" the breaches but has constructively terminated the Plaintiff's franchise agreement by the above described actions.

37. The actions of the Defendant are wrongful and are designed to force the Plaintiff to capitulate to the demands of 7-Eleven in advance of the cure period.

38. The above-described actions have caused the Plaintiff to suffer severe economic harm.

Wherefore, Plaintiff demands judgment, the award of monetary damage, interest and costs.

## COUNT IV  VIOLATION OF THE CONVENANT OF GOOD FAITH AND FAIR DEALING

39. The Plaintiff restates and re-avers the allegations contained in paragraphs 1 through 38 of the Complaint as if set forth fully herein.

40. The Parties entered into a franchise agreement in Massachusetts in October of 2006.

41. The above described actions of the Defendant violate the covenant of good faith and fair dealing inherent in every Massachusetts contract.

42. The Defendant's violation of this covenant has caused the Plaintiff to suffer severe economic damages.

Wherefore, the Plaintiff demands judgment, the award of monetary damages, interest and costs.

## COUNT V  VIOLATION OF MGL 93A

43. The Plaintiff restates and re-avers the allegations contained in paragraphs 1 through 42 of the Complaint as if set forth fully herein.

44. The Plaintiff and Defendant are both engaged in commerce as defined under MGL c93A.

45. The Defendant has violated Massachusetts General Laws chapter 93A, Section 11 by committing the following unfair and deceptive acts or practices:

   a. Generating Notice of Material Breach without any support for the alleged breach;
   b. Discontinuing financing for his store;
   c. Interfering with his contractual rights with the state lottery, vendors and employees;
   d. Creating impossible "cure" provisions for the material breaches;
   e. Stopping vendors from providing goods;

46. The above described acts have caused my client to suffer severe economic damages. Wherefore, the Plaintiff demands judgment, the award of monetary damages, treble damages and attorney fees pursuant to the above referenced statute, interest and cost.

Further, Plaintiff respectfully requests that this Honorable Court make the following equitable relief:

1. Enter an Order enjoining the Defendant temporarily from entering his store, ousting the Plaintiff from the premises, and taking possession of the store permanently pending a hearing by this Court in order to preserve the status quo. Plaintiff further states that he has a likelihood of success on the merits and the harm to him is greater than the harm to the Defendant if the request for equitable relief is not granted.
2. Order the Defendant to leave the store financing in place as well as continue payroll for the store's employees and vendor payments;
3. Allow the Plaintiff to obtain an independent certified public accountant to review all records in dispute;

4. Grant a short Order of Notice so that the Parties may be heard;

5. Anything else the Court deems just and mete.

Respectfully submitted,
Kabeer Khan
By his attorney,

John P. Francoeur, Esquire
LEVIN & LEVIN
138 Rock Street, P.O. Box 2566
Fall River, MA 02722
BBO#555973
August 12, 2014

## VERIFICATION

I, Kabeer Khan, have read the foregoing Complaint and state that the information contained therein is true and accurate to the best of my knowledge and belief.

Kabeer Khan

A True Copy By Photostatic Process
Attest.

Asst. Clerk of Courts





August 7, 2014

**BY PERSONAL DELIVERY**

Kabeer Khan
1040 North Main Street
Fall River, MA 02720-2628

**Re:** **7-Eleven Store No. 32449B**

Dear Mr. Khan:

1. You signed a Store Franchise Agreement (the **"Franchise Agreement"**) dated October 18, 2006, pursuant to which, among other things, 7-Eleven leased to you certain equipment and real property presently described as 7-Eleven Store No. 32449B (**"Store 32449B"**) located at 1040 North Main Street, Fall River, Massachusetts, 02720-2628.

2. All terms not separately defined herein shall have the same meanings as defined in the Franchise Agreement.

3. In the Franchise Agreement, you covenanted and agreed, among other things, that you would:

    a) Cause all sales of Inventory to be properly recorded at the time of sale at the retail prices set by you and generally offered by you to customers of the Stores;

    b) Prepare and furnish to 7-Eleven actual sales data;

    c) Prepare and furnish to 7-Eleven daily summaries of Purchases;

    d) Furnish to 7-Eleven copies of invoices for Purchases;

    e) Provide 7-Eleven with truthful, accurate and complete information in compliance with all applicable laws and such policies that 7-Eleven may implement from time to time;

    f) Pay all sales, payroll and income taxes with regard to the operation of the Store;

    g) Maintain a high ethical standard in the conduct of the franchised business and in the operation of the Stores;

h) Not commit any act which may adversely affect or be detrimental to 7-Eleven, other 7-Eleven franchisees, the 7-Eleven Image or the 7-Eleven System; and

i) Devote your best efforts to the business of the Stores and maximization of the Stores' sales and gross profit, and cause the Stores to be operated only pursuant to the 7-Eleven System and in a manner that will enhance the 7-Eleven Image.

4. You have materially breached the Franchise Agreement and failed substantially to comply with your obligations under it because you failed to cause all transaction information to be properly, accurately, truthfully and completely recorded and reported to 7-Eleven. Specifically, 7-Eleven has investigated Store 32449B and determined that you and your employees have engaged in a pervasive scheme to defraud by providing purposely inaccurate information through 7-Eleven's point of sale and cash-reporting systems. This purpose of this scheme is to further an enterprise of accepting EBT ("Electronic Benefit Transfers") in exchange for cash and ineligible products like cigarettes:

a) 7-Eleven's review of the POS and Retail Information System data generated in October 2013 through February of 2014 revealed an extraordinary number of non-scanned sales and voided transactions. Of the more than 300 video-recorded transactions reviewed by 7-Eleven during this period, 7-Eleven observed a staggering amount of fraud, involving POS memory cancelations, 25 cent transactions, non-scanned sales ("grocery non-tax"), and voided transactions.

b) In its review, 7-Eleven observed forty-one transactions involving EBT followed by no sale. Twenty-eight of those transactions were obviously fraudulent. In repeated instances, the video recorded transactions show your brother and store manager Sameer Khan paying customers cash in exchange for these fraudulently-reported EBT transactions.

c) Sameer Khan was also recorded on video during this time conducting 214 non-scanned sales (using most frequently the "grocery non-tax" register function). Of these 214 non-scanned sales, there were more than 160 instances of obvious fraud involving EBT. For example, Sameer Khan is shown on video ringing items not approved for EBT sales (e.g., cigarettes) and allowing a customer to pay with an EBT card, ringing EBT sales with no customer present and ringing EBT sales with no merchandise present. The latter transactions almost always involved the acceptance of EBT payment in exchange for cash that was removed from the POS register or oftentimes from a white drawer below the POS register. Each of the more

than 160 non-scanned sales transactions were inaccurately reported to 7-Eleven and used to further a pervasive, fraudulent scheme of accepting EBT payment in exchange for cash and ineligible merchandise.

d) 7-Eleven observed 125 voided transactions conducted at the POS register nearly all of which were undertaken by store manager Sameer Khan, each one of which was fraudulent.

e) 7-Eleven's observations are not limited to the above time period and its evidence includes similarly fraudulent activity occurring throughout 2013 and 2014. The activity was confirmed both on video and through in-person shops where your brother Sameer Khan was repeatedly seen accepting EBT in exchange for cash payments and EBT for ineligible merchandise.

f) The above scheme could not have occurred but for the fraudulent manipulation of the cash reporting process to 7-Eleven whose records reflect that you undertake and transmit.

g) The above conduct is despicable, a violation of the public trust and incontrovertible proof that you do not value your relationship with 7-Eleven, much less appreciate the harm being caused to its brand.

5. You have three Business Days (excluding Saturday, Sunday and legal holidays) after your receipt of this Notice of Material Breach to Cure (as hereinafter defined) the foregoing material breaches. If you do nothing in response to this notice or undertake less than a full Cure, the Franchise Agreement will then terminate without further notice to you. Your Cure is due not later than 5:00 p.m. on Tuesday, August 12, 2014 and shall be provided to 7-Eleven's lawyer Christian C. Burden, Quarles & Brady, LLP, 101 E. Kennedy Blvd, Suite 3400, Tampa, Florida 33602 (813-387-0300 / chris.burden@quarles.com) or at such earlier time as you may arrange reasonably in advance. At your request, Mr. Burden will meet with you or your lawyer in Massachusetts at a mutually-agreeable place (with at least 24 hours' notice to him); otherwise, your Cure will be due at or delivered to his office by the deadline. Time is of the essence in your performance of this obligation.



6. Your Cure of the material breaches shall consist of such actions as 7-Eleven determines to be reasonably necessary to restore it to the same or substantially the same condition it would have held but for your breaches. With respect to the identified breaches, these cures include:

a) A full, accurate and complete accounting of all fraudulently-reported sales, voids, EBT payments, and other transactions to 7-Eleven from January 1, 2012 to the present day. This includes identification by transaction, merchandise, date and monetary amount collected by you along with any fraudulently-reported sales that were attendant to the transaction. You are warned that that 7-Eleven does not consider any failure by you to have adequate recordkeeping of the frauds committed an excuse for your failure to render the full, accurate and complete accounting to it.

b) A narrative in your own, legible handwriting detailing the frauds undertaken at your store, the methods of fraud and the proceeds realized from it. The narrative shall also describe why 7-Eleven should reasonably expect you and your employees to conduct yourselves honestly in all future transactions and in reporting to 7-Eleven in the future. The latter requirement is especially critical – the conduct which has occurred in your store is of such a pervasive and long-standing character that 7-Eleven has grave doubts concerning your ability to restore the confidence and trust necessary to a functioning franchise relationship.

c) A certified check payment to 7-Eleven of $10,000.00 to compensate it for the expenses of its investigation of the Store, including the time of its Asset Protection Personnel, legal expenses, including counsel's fees, travel, consultant and retained investigator's fees and other charges and costs incurred by 7-Eleven attendant to its review and investigation of your store.

d) You have fully complied in all respects with the Franchise Agreement between the date of this Notice and the date of your Cure.

e) 7-Eleven reserves the right to reconsider and expand its cure of the identified breaches dependent upon and in consideration of the accounting due from you as specified above. If a further cure is due, 7-Eleven will notify you separately and provide such additional time as may be required, if any, under the Franchise Agreement and applicable law.

7. Concurrent with this Notice, 7-Eleven is taking other actions necessary to protect its interests and rights under the Franchise Agreement. Provided you timely and fully render the Cure as detailed above in a manner and method satisfactory to 7-Eleven, 7-Eleven will restore any discontinued services or products to the Store, such as money orders and pre-paid cards, as

soon as reasonably practical. If at any point, 7-Eleven believes that you are not complying with your Franchise Agreement during the period of time you have to Cure, or thereafter, 7-Eleven may take other actions as it deems necessary to protect its financial interests.

8. If you do not timely render the Cure as detailed above in a manner or method satisfactory to 7-Eleven, the Franchise Agreement **will terminate automatically and without further notice to you**. Again, you are warned that time is of the essence and your time to render the Cure to 7-Eleven cannot be extended, waived or modified except in writing by 7-Eleven. Once the time is expired, you no longer have a right to cure irrespective of any later efforts to tender the Cure. If terminated, your Service Mark license, your right to use the Trade Secrets and your lease of the Store and Equipment, shall also terminate. You are required to surrender and turn over possession of any and all rights in and to the store premises to 7-Eleven and to transfer to 7-Eleven all of your right, title and interest in and to the Inventory, together with the Proceeds thereof, in consideration of the cost thereof reflected on the books and records for the franchise, such cost to be credited and paid against, and in reduction of, the amount owed by you to 7-Eleven on the Open Account shown on such books and records, with any surplus to be credited to your Open Account in accordance with the close out procedures set forth in the Franchise Agreement.

9. 7-Eleven's investigation into the activities described above is ongoing. As 7-Eleven's investigation continues, 7-Eleven reserves the right, without limiting its other rights (including, without limitation, seeking damages), to issue further and additional curable and/or non-curable notices of material breach or notices of termination (or both) all without prejudice to the validity of this notice.

10. 7-Eleven believes the conduct identified as breaches above is illegal. 7-Eleven will do what it believes is appropriate with its information and will not discuss with you in any fashion the reporting of this conduct to the appropriate legal authorities.

11. 7-Eleven recommends that you retain counsel as soon as possible. The lawyer identified below is 7-Eleven's lawyer. All further communications you or your lawyer intend for 7-Eleven that concern the matters in this letter should occur through him:

Christian C. Burden
Quarles & Brady LLP
101 East Kennedy Boulevard, Suite 3400
Tampa, Florida 33602
chris.burden@quarles.com
(813) 387-0300 (office)
(813) 992-5282 (mobile)

Mr. Kabeer Khan
August 7, 2014
Page 6

12. None of the following acts by 7-Eleven (without limitation) shall be construed as a consent to or a waiver of any act or default, or, upon your failure to cure, to any kind of waiver of 7-Eleven's right declare a termination of the Franchise Agreement or any ancillary contracts and agreements, or to take any action to recover possession of the Store, Equipment and Inventory, or to sue for damages or other relief:

    a) collecting or accepting the 7-Eleven Charge;

    b) debiting your Open Account with the 7-Eleven Charge;

    c) continuing to allow you the use of the Store, Equipment and Inventory, Service Marks, Trade Secrets, or the 7-Eleven System;

    d) continuing to otherwise transact business with you or on your behalf, including but not limited to, furnishing you with the various benefits and services provided for in the Agreements, including paying for your Inventory purchases.

7-ELEVEN, INC.

Mary Cadigan, Market Manager

☐ By certified mail, return receipt requested

Date postmarked: _____

☐ In person to _____

Time: _____a.m./p.m.

Date: _____

By: _M. CADIGAN, MM 2464_

#2

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 2014-851-C | Trial Court of Massachusetts Superior Court Department County: BRISTOL |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Kabeer Khan d/b/a 7-Eleven Store #32449B | BRISTOL, SS SUPERIOR COURT FILED<br>7-Eleven, Inc. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>John P. Francoeur, Levin & Levin<br>P.O. Box 2566 Fall River, MA 02722<br>Board of Bar Overseers number: 555973 | ATTORNEY (if known)<br>AUG 1 2 2014<br><br>MARC J. SANTOS, ESQ. |

**Origin code and track designation** — CLERK/MAGISTRATE

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | Contract | ( F ) | ( ) Yes ( X ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .............................................................. $............
2. Total Doctor expenses ................................................................ $............
3. Total chiropractic expenses ......................................................... $............
4. Total physical therapy expenses .................................................... $............
5. Total other expenses (describe) ..................................................... $............
   Subtotal $............
B. Documented lost wages and compensation to date ...................................... $............
C. Documented property damages to date ................................................ $............
D. Reasonably anticipated future medical and hospital expenses ......................... $............
E. Reasonably anticipated lost wages .................................................. $............
F. Other documented items of damages (describe)
   $............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

A True Copy By Photostatic Process
Attest.
_____
Asst. Clerk of Courts

$............
TOTAL $............

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Defendant has breached the parties franchise agreement by wrongfully terminating the agreement without justification and by attempting to oust the Plaintiff from his store. Plaintiff also seeks equitable relief.
TOTAL $. ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE 08/12/14

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

#3

# COMMONWEALTH OF MASSACHUSETTS
## TRIAL COURT OF THE COMMONWEALTH
## SUPERIOR COURT DEPARTMENT

**BRISTOL, ss**

BRISTOL, SS SUPERIOR COURT
FILED

AUG 1 2 2014

**KABEER KHAN,**
    **Plaintiff**

MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

)
)
)

**vs.** )     No: BRCV2014- 851 -C

)
**7-ELEVEN, INC.,** )
    **Defendant** )

## PLAINTIFF'S MOTION TO APPOINT SPECIAL PROCESS SERVER

Now comes the Plaintiff, Kabeer Khan, by and through counsel, and moves this Honorable Court to appoint a special process server to serve the Defendant's resident agent for service of process. While the Complaint seeks injunctive relief initially, the Plaintiff may seek monetary damages at a later time. The damages sought would exceed the jurisdictional limits for service of process by a constable.

The Plaintiff respectfully requests that Moniz & Latimer Constable Service or some other disinterested third party be appointed to serve process in this matter.

Respectfully submitted,
Kabeer Khan
By his attorney,

John P. Francoeur, Esquire
LEVIN & LEVIN
138 Rock Street/ P.O. Box 2566
Fall River, MA 02722
BBO#555973
August 12, 2014

A True Copy By Photostatic Process
Attest.

Asst. Clerk of Courts

8/12/14 Allowed. [signature] Asst Clk

#4

# COMMONWEALTH OF MASSACHUSETTS
## TRIAL COURT OF THE COMMONWEALTH
### SUPERIOR COURT DEPARTMENT

**BRISTOL, ss**



**KABEER KHAN,**
   **Plaintiff**         )
                      )
**vs.**                    )   **No: BRCV2014- 851-C**
                      )
**7-ELEVEN, INC.,**
   **Defendant**       )

## PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF
### MRCP 65 (a)

Now comes the Plaintiff, Kabeer Khan, by and through counsel, and moves this Honorable Court for a temporary restraining order pursuant to MRCP 65 (a). Plaintiff states that he will suffer immediate and irreparable injury if the Defendant is not restrained from ousting the Plaintiff from his 7-Eleven franchise on May 15, 2014. Defendant has engaged in activity designed to oust the Plaintiff from his store and thereby terminating his livlihood

On August 7, 2014, the Plaintiff was served with a **Notice of Material Breach** by a representative of 7-Eleven and alleging EBT transaction fraud by the Plaintiff and his employees. On August 12, 2014, the Plaintiff was served with a **Notice of Termination** of the Franchise Agreement and was told to vacate the premises by 7:00 pm. The Plaintiff will suffer irreparable harm as his livelihood will be taken away.

A Temporary Restraining Order is necessary to preserve the status quo until such time as a hearing may be held to determine if the Defendant is entitled to terminate the franchise agreement.

Respectfully submitted,
Kabeer Khan
By his attorney,

John P. Francoeur, Esquire
LEVIN & LEVIN
138 Rock Street, P.O. Box 2566
Fall River, MA 02722
BBO#555973
August 12, 2014

A True Copy By Photostatic Process
Attest.

Asst. Clerk of Courts

#5


| CASE NAME: **Kabeer Khan vs. 7-Eleven Inc** | Marc J. Santos, Clerk of Court<br>Bristol County |
|---|---|
| To: **Kabeer Khan** | COURT NAME & ADDRESS<br>Bristol County Superior Court - Taunton<br>9 Court Street, Rm 13<br>Taunton, MA 02780 |

To the above named defendant(s):

You are hereby summoned and required to serve upon:

**Kabeer Khan**
**Fall River, MA 02720**

**COPY**

an answer to the complaint which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Taunton either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the defendant which arises out of the transaction or occurrence that is the subject matter of the defendant's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application for a Preliminary Injunction has been made in said action, as it appears in the complaint. A hearing on this matter has been scheduled for:

**Date:** 08/19/2014

**Time:** 02:00 PM

**Event:** Hearing on Preliminary Injunction

**Session Location:** Civil A (New Bedford) / Lower Courtroom

at which time you may appear and show cause why such application should not be granted.

| DATE ISSUED 08/12/2014 | CHIEF JUSTICE OF THE SUPERIOR COURT Witness: **Hon. Barbara J Rouse** | ASSOCIATE JUSTICE **Hon. Richard T Moses** | ASSISTANT CLERK X _(signature)_ |
|---|---|---|---|

**RETURN OF SERVICE**

I hereby certify and return that on _____, I served a copy of this summons, together with a copy of the Complaint.

A True Copy By Photostatic Process
Attest.

_(signature)_
Asst. Clerk of Courts

Date/Time Printed: 08-12-2014 16:22:04

PARTY NAME:

X

SCV027i 07/2014

#6

**COMMONWEALTH OF MASSACHUSETTS** BRISTOL, SS SUPERIOR COURT
**COUNTY OF BRISTOL** FILED
**THE SUPERIOR COURT**

AUG **1 8** 2014

MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

**KABEER KHAN,**

Plaintiff,

v.

Docket No.1473cv00851

**7-ELEVEN, INC.,**

Defendant.

## NOTICE OF FILING NOTICE OF REMOVAL

The defendant 7-Eleven, Inc. announces that 7-Eleven has filed attached notice of

removal with the United States District Court for the District of Massachusetts.

Pursuant to 28 U.S.C.§ 1446(d), this notice effects removal and terminates all further

proceedings in this Court until further notice.

Dated: August 18, 2014

Respectfully submitted,

7-ELEVEN, INC.,
By its attorneys,

*/audyn/Allci*

Steven M. Cowley (BBO #554534)
Carolyn A. Alenci (BBO# 675744)
DUANE MORRIS, LLP
100 High Street, Suite 2400
Boston, MA 02110
Tel: 1-857-488-4200
Fax: 1-847-488-4201
smcowley@duanemorris.com
remorse@duanemorris.com

A True Copy By Photostatic Process
Attest.

Asst. Clerk of Courts

1

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon John P. Francoeur, the attorney of record for Plaintiff, by email and United States First Class Mail this 18th day of August, 2014 at the following address:

John P. Francoeur, Esq.
LEVIN & LEVIN
138 Rock Street
P.O. Box 2566
Fall River, MA 02722
Email: jpf@levin4law.com

Carolyn A. Alenci
Attorneys for Defendant

## UNITED STATES DISTRICT COURT ·
## DISTRICT OF MASSACHUSETTS

**KABEER KHAN,**

Plaintiff,

v.

Bristol County C.A. No. 1473-cv-00851

**7-ELEVEN, INC.,**

Defendant.

### NOTICE OF REMOVAL

The defendant 7-Eleven, Inc. ("7-Eleven") removes the above-captioned matter pending in the Superior Court of the Commonwealth of Massachusetts, County of Bristol, to the United States District Court for the District of Massachusetts.

1. **Removal Jurisdiction**: Under 28 U.S.C. § 1441(a), a defendant may remove a civil action brought in state court so long as the district court would have original jurisdiction. The parties in this matter are citizens of different states and the matter in controversy exceeds $75,000 in amount. Accordingly, original jurisdiction exists under 28 U.S.C. § 1332.

2. **Nature of Lawsuit**: Kabeer Khan and 7-Eleven are parties to a franchise agreement. Khan accuses 7-Eleven of conduct designed to terminate or constructively terminate the franchise agreement. Khan's claims are for breach of contract, tortious interference, constructive termination, breach of good faith and fair dealing, and a violation of MGL c.93A.

3. **Citizenship of Parties**: Khan is a resident of Bristol County in the Commonwealth of Massachusetts. 7-Eleven is a Texas corporation with its principal place of business is in Dallas County, Texas. The parties are therefore of completely diverse citizenship. See 28 U.S.C. § 1332(a) & (c).

1

4.    **Amount in Controversy (Damages)**: Khan seeks unspecified damages and demands equitable relief. As to his damages claims, the calculus for a breach of multi-year franchise agreement is ordinarily lost profits over the agreement's remaining (natural) term, which in this instance is seven years and four months (expiring in November of 2021). The 2013 net income for the franchised business was $87,252.71. Accordingly, even assuming a conservative discount rate for future damages, Khan's damages claim exceeds $75,000, exclusive of interest and costs.

5.    **Amount in Controversy (Equitable Relief)**: The value of that equitable relief sought by Khan also exceeds $75,000.00, exclusive of interest and costs:

> **A.** *Value of Equitable Relief*: If equitable relief is sought, the amount-in-controversy is "measured by the value of the object of the litigation." Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977). This value is ascertained from "the judgment's pecuniary consequences to those involved in the litigation." Richard C. Young & Co. v. Leventhal, 389 F.3d 1, 3 (1st Cir.2004).

> **B.** *Pecuniary Consequence to Plaintiff:* Khan alleges that he purchased the franchised business for $220,000. Therefore, from Khan's perspective, the object of this litigation is the franchised business that he seeks to protect from termination and that he values at more than $75,000.00.

> **C.** *Pecuniary Consequence to 7-Eleven:* If 7-Eleven is enjoined: (1) Khan will have continued, indefinite use 7-Eleven's store premises, which are worth far more than $75,000; (2) 7-Eleven will be unable to recover more than $75,000 in equipment that is presently in Khan's possession; and (4) 7-Eleven would have to provide hundreds of thousands, even millions of dollars in

2

financing to Khan with no assurance of repayment and no verifiable collateral. Accordingly, the pecuniary burden of an injunction on 7-Eleven would be far greater than $75,000.

5. **Procedural Requisites to Removal**: 7-Eleven has satisfied each of the procedural conditions to an effective removal:

> *A.* *Removal to Proper Court*: This Court is part of "the district and division embracing the place where" the lawsuit was filed – Bristol County, Massachusetts. See 28 U.S.C. 1446(a).

> *B.* *Consent to Removal:* 7-Eleven is the sole defendant in this action and no additional consent is required. See 28 U.S.C. 1446(a).

> *C.* *Removal is Timely*: 7-Eleven files this notice of removal with the United States District Court for the District of Massachusetts within 30 days after 7-Eleven's receipt of the summons and complaint. See 28 U.S.C. § 1446(b).

> *D.* *Pleadings and Process*: Attached to this notice are copies of all process, pleadings and orders served upon 7-Eleven in the state court action. See 28 U.S.C. § 1446(a):

> > **Exhibit 1** - Civil Action Cover Sheet
> > **Exhibit 2** - Plaintiff's Motion to Appoint Special Process Server
> > **Exhibit 3** - Summons & Order of Notice
> > **Exhibit 4** - Verified Complaint
> > **Exhibit 5** - Plaintiff's Motion for Injunctive Relief

> *E.* *Notice:* Attached to this Notice as **Exhibit 6** is a copy of the notice of filing notice of removal, which will be promptly served upon Khan's counsel and filed with the Clerk of the Superior Court for Bristol County, Massachusetts.

3

**WHEREFORE**, this action should proceed in the United States District Court for the

District of Massachusetts as an action properly removed.

Dated: August 18, 2014

Respectfully submitted,

7-ELEVEN, INC.,
By its attorneys,

*/s/ Carolyn A. Alenci*

Steven M. Cowley (BBO #554534)
Carolyn A. Alenci  (BBO# 675744)
DUANE MORRIS, LLP
100 High Street, Suite 2400
Boston, MA 02110
Tel: 1-857-488-4200
Fax: 1-847-488-4201
smcowley@duanemorris.com
caalenci@duanemorris.com

*Of Counsel*

Christian C. Burden
Quarles & Brady LLP
101 E. Kennedy Blvd., Ste. 3400
Tampa, Florida 33602
Tel: (813) 387-0265
chris.burden@quarles.com

4

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon John P. Francoeur, the attorney of record for Plaintiff, by email and United States First Class Mail this 18th day of August, 2014 at the following address:

John P. Francoeur, Esq.
LEVIN & LEVIN
138 Rock Street
P.O. Box 2566
Fall River, MA 02722
Email: jpf@levin4law.com

*/s/ Carolyn A. Alenci*
Carolyn A. Alenci

5

# EXHIBIT 1

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 1473CV00851 | Trial Court of Massachusetts Superior Court Department County:_____  |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Kabeer Khan d/b/a 7-Eleven Store #32449B | 7-Eleven, Inc. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
| John P. Francoeur, Levin & Levin P.O. Box 2566 Fall River, MA 02722 Board of Bar Overseers number: 555973 | |

## Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.          TYPE OF ACTION (specify)    TRACK          IS THIS A JURY CASE?

A99.          Contract          ( F )          ( ) Yes    ( X ) No

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1.   Total hospital expenses ................................................................$............
   2.   Total Doctor expenses ..................................................................$............
   3.   Total chiropractic expenses ...........................................................$............
   4.   Total physical therapy expenses .....................................................$............
   5.   Total other expenses (describe) .......................................................$............
                                                                          Subtotal $............
B. Documented lost wages and compensation to date ..........................................$............
C. Documented property damages to date .......................................................$............
D. Reasonably anticipated future medical and hospital expenses ............................$............
E. Reasonably anticipated lost wages ...........................................................$............
F. Other documented items of damages (describe)
                                                                                $............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)


                                                                                $............
                                                                          TOTAL $............

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Defendant has breached the parties franchise agreement by wrongfully terminating the agreement without justification and by attempting to oust the Plaintiff from his store.  Plaintiff also seeks equitable relief.                                                 TOTAL $. ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____          DATE 08/12/14

AOTC-6 mlc005-11/99
A.O.S.C. 1-2000

# EXHIBIT 2

### COMMONWEALTH OF MASSACHUSETTS
### TRIAL COURT OF THE COMMONWEALTH
### SUPERIOR COURT DEPARTMENT

**BRISTOL, ss**

| | |
|---|---|
| **KABEER KHAN,** | ) |
| **Plaintiff** | ) |
| | ) |
| **vs.** | ) **No: BRCV2014-** |
| | ) |
| **7-ELEVEN, INC.,** | ) |
| **Defendant** | ) |

## PLAINTIFF'S MOTION TO APPOINT SPECIAL PROCESS SERVER

Now comes the Plaintiff, Kabeer Khan, by and through counsel, and moves this Honorable Court to appoint a special process server to serve the Defendant's resident agent for service of process. While the Complaint seeks injunctive relief initially, the Plaintiff may seek monetary damages at a later time. The damages sought would exceed the jurisdictional limits for service of process by a constable.

The Plaintiff respectfully requests that Moniz & Latimer Constable Service or some other disinterested third party be appointed to serve process in this matter.

Respectfully submitted,
Kabeer Khan
By his attorney,

John P. Francoeur, Esquire
LEVIN & LEVIN
138 Rock Street/ P.O. Box 2566
Fall River, MA  02722
BBO#555973
August 12, 2014

# EXHIBIT 3

| Case 1:14-cv-13384 Document 1-3 Filed 08/18/14 Page 33 of Massachusetts | | |
|---|---|---|
| **SUMMONS AND ORDER OF NOTICE** | 1473CV00851 | **The Superior Court** |

| **CASE NAME:** Kabeer Khan vs. 7-Eleven Inc | Marc J. Santos, Clerk of Court Bristol County |
|---|---|
| **To:** 7-Eleven Inc | **COURT NAME & ADDRESS** Bristol County Superior Court - Taunton 9 Court Street, Rm 13 Taunton, MA 02780 |

To the above named defendant(s):

You are hereby summoned and required to serve upon:

\*

an answer to the complaint which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Taunton either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the defendant which arises out of the transaction or occurrence that is the subject matter of the defendant's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application for a Preliminary Injunction has been made in said action, as it appears in the complaint. A hearing on this matter has been scheduled for:

**Date: 08/19/2014**

**Time: 02:00 PM**

**Event: Hearing on Preliminary Injunction**

**Session Location: Civil A (New Bedford) / Lower Courtroom**

at which time you may appear and show cause why such application should not be granted.

| DATE ISSUED | CHIEF JUSTICE OF THE SUPERIOR COURT Witness: | ASSOCIATE JUSTICE | ASSISTANT CLERK |
|---|---|---|---|
| 08/12/2014 | Hon. Barbara J Rouse | Hon. Richard T Moses | X |

| **RETURN OF SERVICE** | | | |
|---|---|---|---|

I hereby certify and return that on _____, I served a copy of this summons, together with a copy of the Complaint.

PARTY NAME:

X

# EXHIBIT 4

## COMMONWEALTH OF MASSACHUSETTS
## TRIAL COURT OF THE COMMONWEALTH
## SUPERIOR COURT DEPARTMENT

**BRISTOL, ss**

| | |
|---|---|
| **KABEER KHAN, d/b/a 7-Eleven** | ) |
| **STORE NO.: 32449B** | ) |
| **Plaintiff** | ) |
| | ) |
| **vs.** | ) **No: BRCV2014-** |
| | ) |
| **7-ELEVEN, INC.,** | ) |
| **Defendant** | ) |

## VERIFIED COMPLAINT

Now comes the Plaintiff, Kabeer Khan, by and through counsel, and states the following by way of Complaint:

1. The Plaintiff, Kabeer Khan, is an individual with a usual place of residence in Fall River, Bristol County, Massachusetts.

2. The Defendant, 7-Eleven Inc., is a Texas Corporation duly authorized to conduct business in the Commonwealth of Massachusetts. 7-Eleven Inc., maintains a place of business at 1722 Routh Street, Suite 1000, Dallas, Texas 75201. 7-Eleven Inc. is a wholly-owned subsidiary of Seven-Eleven Japan Co., Ltd.

3. The Plaintiff is a Franchisee of the Defendant and operates a 7-Eleven convenience store at 1040 North Main Street, Fall River, Massachusetts.

4. On or about October 18, 2006, the parties entered into a Franchise Agreement which granted the Plaintiff the franchise for the above location.

5. The Plaintiff paid a fee of $220,000.00 which included a franchise fee to 7-Eleven, Inc., a contribution towards his net worth with the defendant and "good will" from the seller.

6. The operation of the store by the Plaintiff is the means of support for he and his family.

7. The Plaintiff has developed the store from an under producing site to one that is profitable for he and the Defendant.

8. The Plaintiff is an active supporter of two franchise owner's associations which represent the store owner's interests against those of the defendant corporation. In 2012 the Plaintiff led a successful challenge to an audit conducted by 7-Eleven which would have financially crippled many of the franchisees.

9. On August 7, 2014, the Defendant, through its agents, arrived at his store and presented him with a "Notice of Material Breach" letter which indicates: "You have materially breached the Franchise Agreement and failed substantially to comply with your obligations under it because you failed to cause all transaction information to be properly, accurately, truthfully and completely recorded and reported to 7-Eleven. Specifically, 7-Eleven has investigated Store 32449B and determined that you and your employees have engaged in a pervasive scheme to defraud by providing purposely inaccurate information through 7-Eleven's point of sale and cash reporting systems. This purpose of this scheme is to further an enterprise of accepting EBT ("Electronic Benefit Transfers") in exchange for cash and ineligible products like cigarettes: . . (A copy of the Material Breach Letter is attached as Exhibit 1)

10. The Defendant alleges that the Plaintiff's conduct goes back to January of 2012 and that they conducted an investigation into this false reporting of EBT transactions.

11. The Plaintiff was shown a 30 second video tape of an employee allegedly swiping an EBT card and giving a customer cash as evidence of a scheme to defraud.

12. The plaintiff has not viewed any other video or documentary evidence to show that he or his employees were involved in a scheme to defraud.

13. Under the franchise agreement with the Defendant, the Plaintiff controls the accounting for the store and controls all of the bookkeeping. Monies received through credit, debit and EBT are deposited into an account controlled by 7-Eleven.

14. Defendant has failed to demonstrate that the Plaintiff received any cash benefit as a result of the alleged scheme to defraud.

15. The August 7th Material Breach letter informs the Plaintiff that he has a right to "cure" the alleged breach within three (3) business days by: [providing]

"a) A full, accurate and complete accounting of all fraudulently reported sales, voids, EBT payments, and other transactions to 7-Eleven from January 1, 22012 to the present day... You are warned that that [sic] 7-Eleven does not consider any failure by you to have adequate record keeping of the frauds committed an excuse for your failure to render the full, accurate accounting to it.

b) A narrative in your own, legible handwriting detailing the frauds undertaken at you store, the methods of fraud and the proceeds realized from it. . .

c) A certified check payment to 7-Eleven of $10,000.00 to compensate it for the expense of its investigation of the Store. . ."

16. The so called "cure" provisions are unrealistic and impossible to comply with in three business days. Further, they are designed to set the franchisee up to fail and are not legitimate cure provisions.

17. The Plaintiff alleges that the "cure" provisions violate his rights under the Massachusetts Declaration of Rights as well as the U.S. Constitution as they require him to admit that he participated in criminal activity in order to remain a franchisee of the Defendant.

18. The Plaintiff did take action in an effort to comply with the "cure" provisions including terminating the employment of his brother, Sameer Khan, who was the store manager. Plaintiff also offered to pay the $10,000.00 "reimbursement" fee to 7-Eleven. He could not however, produce records which showed fraudulent activity as he was unaware of any.

19. The Plaintiff, through counsel, responded to the Material Breach letter and indicated that the Plaintiff was unaware of the "fraud" as alleged by 7-Eleven. The Plaintiff indicated that his financial records provided by 7-Eleven do not show transactions involving EBT. (Unlike debit and credit which are shown on daily reports.)

20. Under the 7-Eleven franchise system, the Plaintiff's store undergoes scheduled quarterly audits. None have revealed any financial irregularities at the Plaintiff's store.

21. The Defendant has claimed in its Material Breach letter to the Plaintiff that his store has an unusually high number of voided transactions, non scanned sales and 25 cent transaction. However, 7-Eleven's own documents show that the store has a lower than average number of these transactions in the same market. (Copy of Weekly POS Activity Summaries attached hereto as Exhibit 2.)

22. On August 12, 2014, the Plaintiff received a Notice of Termination of his Franchise Agreement and was told to return the keys to the store and vacate the property due to his failure to "cure" the August 7th Material Breach.

## COUNT I  BREACH OF CONTRACT

23. The Plaintiff restates and reavers the allegations contained in paragraphs 1 through 22 of the Complaint as if set forth fully herein.

24. The Defendant has breached the Franchise Agreement by failing to treat the Plaintiff fairly in all transactions.

25. The Defendant has breached the Franchise Agreement by issuing a notices of material breach for an alleged fraudulent EBT scheme in which it provided no evidence and instead, required the Plaintiff to details his alleged frauds and his proceeds.

26. The Defendant has breached the Franchise Agreement by issuing unsubstantiated and unsupported notice of material breach.

27. The Defendant's actions have caused the Plaintiff to suffer monetary damages and costs.

Wherefore, the Plaintiff demands judgment, the award of monetary damages, interest and costs.

## COUNT II  INTENTIONAL INTERFERENCE WITH CONTRACT

28. The Plaintiff repeats and re-avers the allegations contained in paragraphs 1 through 27 of the Complaint as if set forth fully herein.

29. The Defendant has denied financing to the Plaintiff which has interfered with the Plaintiff's ability to pay vendors, invoices, bills and employees, all without notice.

30. The above described actions of the Defendant were intentional and interfered with the Plaintiff's contractual rights with third parties.

31. The Defendant's actions in intentionally interfering with contracts has caused the Plaintiff to suffer economic damages.

Wherefore, the Plaintiff demands judgment, the award of monetary damages, interests and costs.

## COUNT III CONSTRUCTIVE TERMINATION

32. The Plaintiff restates and re-avers the allegations contained in paragraphs 1 through 31 of the Complaint as if set forth fully herein.

33. As of August 7, 2014, the Defendant removed a money order machine, prepaid cards.

34. As of May 9, 2014, the Defendant stopped financing the Plaintiff's store thereby ceasing payments to vendors, utilities and to employees.

35. As a result, vendors have stopped making delivery of product and leaving little to sell.

36. By letter dated May 9th, the Defendant gave the Plaintiff until May 15th to "cure" the breaches but has constructively terminated the Plaintiff's franchise agreement by the above described actions.

37. The actions of the Defendant are wrongful and are designed to force the Plaintiff to capitulate to the demands of 7-Eleven in advance of the cure period.

38. The above-described actions have caused the Plaintiff to suffer severe economic harm.

Wherefore, Plaintiff demands judgment, the award of monetary damage, interest and costs.

## COUNT IV  VIOLATION OF THE CONVENANT OF GOOD FAITH AND FAIR DEALING

39. The Plaintiff restates and re-avers the allegations contained in paragraphs 1 through 38 of the Complaint as if set forth fully herein.

40. The Parties entered into a franchise agreement in Massachusetts in October of 2006.

41. The above described actions of the Defendant violate the covenant of good faith and fair dealing inherent in every Massachusetts contract.

42. The Defendant's violation of this covenant has caused the Plaintiff to suffer severe economic damages.

Wherefore, the Plaintiff demands judgment, the award of monetary damages, interest and costs.

## COUNT V  VIOLATION OF MGL 93A

43. The Plaintiff restates and re-avers the allegations contained in paragraphs 1 through 42 of the Complaint as if set forth fully herein.

44. The Plaintiff and Defendant are both engaged in commerce as defined under MGL c93A.

45. The Defendant has violated Massachusetts General Laws chapter 93A, Section 11 by committing the following unfair and deceptive acts or practices:

   a. Generating Notice of Material Breach without any support for the alleged breach;
   b. Discontinuing financing for his store;
   c. Interfering with his contractual rights with the state lottery, vendors and employees;
   d. Creating impossible "cure" provisions for the material breaches;
   e. Stopping vendors from providing goods;

46. The above described acts have caused my client to suffer severe economic damages.
Wherefore, the Plaintiff demands judgment, the award of monetary damages, treble damages and attorney fees pursuant to the above referenced statute, interest and cost.

Further, Plaintiff respectfully requests that this Honorable Court make the following equitable relief:

1. Enter an Order enjoining the Defendant temporarily from entering his store, ousting the Plaintiff from the premises, and taking possession of the store permanently pending a hearing by this Court in order to preserve the status quo. Plaintiff further states that he has a likelihood of success on the merits and the harm to him is greater than the harm to the Defendant if the request for equitable relief is not granted.
2. Order the Defendant to leave the store financing in place as well as continue payroll for the store's employees and vendor payments;
3. Allow the Plaintiff to obtain an independent certified public accountant to review all records in dispute;

4. Grant a short Order of Notice so that the Parties may be heard;

5. Anything else the Court deems just and mete.

> Respectfully submitted,
> Kabeer Khan
> By his attorney,
>
> John P. Francoeur, Esquire
> LEVIN & LEVIN
> 138 Rock Street, P.O. Box 2566
> Fall River, MA  02722
> BBO#555973
> August 12, 2014

## VERIFICATION

I, Kabeer Khan, have read the foregoing Complaint and state that the information contained therein is true and accurate to the best of my knowledge and belief.

Kabeer Khan

# EXHIBIT 5

## COMMONWEALTH OF MASSACHUSETTS
## TRIAL COURT OF THE COMMONWEALTH
## SUPERIOR COURT DEPARTMENT

**BRISTOL, ss**

| | |
|---|---|
| **KABEER KHAN,** | ) |
| **Plaintiff** | ) |
| | ) |
| **vs.** | ) **No: BRCV2014-** |
| | ) |
| **7-ELEVEN, INC.,** | ) |
| **Defendant** | ) |

### PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF
### MRCP 65 (a)

Now comes the Plaintiff, Kabeer Khan, by and through counsel, and moves this Honorable Court for a temporary restraining order pursuant to MRCP 65 (a). Plaintiff states that he will suffer immediate and irreparable injury if the Defendant is not restrained from ousting the Plaintiff from his 7-Eleven franchise on May 15, 2014. Defendant has engaged in activity designed to oust the Plaintiff from his store and thereby terminating his livlihood

On August 7, 2014, the Plaintiff was served with a **Notice of Material Breach** by a representative of 7-Eleven and alleging EBT transaction fraud by the Plaintiff and his employees. On August 12, 2014, the Plaintiff was served with a **Notice of Termination** of the Franchise Agreement and was told to vacate the premises by 7:00 pm. The Plaintiff will suffer irreparable harm as his livelihood will be taken away.

A Temporary Restraining Order is necessary to preserve the status quo until such time as a hearing may be held to determine if the Defendant is entitled to terminate the franchise agreement.

Respectfully submitted,
Kabeer Khan
By his attorney,

John P. François, Esquire
LEVIN & LEVIN
138 Rock Street, P.O. Box 2566
Fall River, MA 02722
BBO#555973
August 12, 2014

## COMMONWEALTH OF MASSACHUSETTS
## COUNTY OF BRISTOL
## THE SUPERIOR COURT

**KABEER KHAN,**

    Plaintiff,

v.

                                 Docket No.1473cv00851

**7-ELEVEN, INC.,**

    Defendant.

## NOTICE OF FILING NOTICE OF REMOVAL

The defendant 7-Eleven, Inc. announces that 7-Eleven has filed attached notice of removal with the United States District Court for the District of Massachusetts.

Pursuant to 28 U.S.C.§ 1446(d), this notice effects removal and terminates all further proceedings in this Court until further notice.

Dated: August 18, 2014

                            Respectfully submitted,

                            7-ELEVEN, INC.,
                            By its attorneys,

                            Steven M. Cowley (BBO #554534)
                            Carolyn A. Alenci   (BBO# 675744)
                            DUANE MORRIS, LLP
                            100 High Street, Suite 2400
                            Boston, MA 02110
                            Tel: 1-857-488-4200
                            Fax: 1-847-488-4201
                            smcowley@duanemorris.com
                            remorse@duanemorris.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon John P. Francoeur, the attorney of record for Plaintiff, by email and United States First Class Mail this 18th day of August, 2014 at the following address:

John P. Francoeur, Esq.
LEVIN & LEVIN
138 Rock Street
P.O. Box 2566
Fall River, MA 02722
Email: jpf@levin4law.com

Carolyn A. Alenci
Attorneys for Defendant

2

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Kabeer Khan | 7-Eleven, Inc. |

| **(b)** County of Residence of First Listed Plaintiff **Bristol** | County of Residence of First Listed Defendant **Dallas** |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| John P. Francoeur, Levin & Levin | Steven M. Cowley, Duane Morris LLP |
| 138 Rock Street, PO Box 2566, Fall River, MA 02722 | 100 High Street, Suite 2400 |
| (508) 678-2824 | Boston, MA 02110 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | Injury | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☒ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1441, 1332

Brief description of cause:
Damages and Injunction against forfeiture of business & termination of contract

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**  **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) Kabeer Khan v. 7-Eleven, Inc.

_____

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

☐    I.        410, 441, 470, 535, 830*, 891, 893, 895, R.23, REGARDLESS OF NATURE OF SUIT.

☑    II.     110, 130, 140, 160, 190, 196, 230, 240, 290,320,362, 370, 371, 380, 430, 440, 442, 443, 445, 446, 448, 710, 720, 740, 790, 820*, 840*, 850, 870, 871.

☐    III.    120, 150, 151, 152, 153, 195, 210, 220, 245, 310, 315,  330, 340, 345, 350, 355, 360, 365, 367, 368, 375, 385, 400, 422, 423, 450, 460, 462, 463, 465, 480, 490, 510, 530, 540, 550, 555,  625, 690, 751, 791, 861-865,  890, 896, 899, 950.

          *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

_____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                 YES ☐    NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

                                 YES ☐    NO ☑

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                 YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                 YES ☐    NO ☑

7. Do all of the parties  in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                 YES ☑    NO ☐

        A.       If yes, in which division do all of the non-governmental parties reside?

                Eastern Division ☑       Central Division ☐       Western Division ☐

        B.       If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

                Eastern Division ☐       Central Division ☐       Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)

                                   YES ☑    NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME Steven M Cowley

ADDRESS Duane Morris LLP, 100 High Street, Suite 2400, Boston, MA 02110

TELEPHONE NO. 857-488-4200

(CategoryForm12-2011.wpd - 12/2011)