UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KABEER KHAN,

        Plaintiff

V.

7-ELEVEN, INC.,

        Defendant

CIVIL ACTION NO:

1:14-CV-13384-WGY

### DEFENDANT IN COUNTERCLAIMS' ANSWER AND AFFIRMATIVE DEFENSES TO 7-ELEVEN, INC.'S COUNTERCLAIMS

Plaintiff, Kabeer Khan, now Defendant in Counterclaims ("Khan"), by and through his counsel, John E. Pearson, hereby answers the Counterclaims paragraph by corresponding paragraph as follows:

1. Khan admits ¶ 1 of the Defendant's Counterclaims.
2. Khan admits ¶ 2 of the Defendant's Counterclaims.
3. Khan admits ¶ 3 of the Defendant's Counterclaims.
4. Khan states that ¶ 4 is a legal conclusion that requires no response.
5. Khan states that ¶ 5 is a legal conclusion that requires no response.
6. Khan is without knowledge or information to form a belief as to the truth of the averment in ¶ 6 of the Defendant's Counterclaims.
7. Khan is without knowledge or information to form a belief as to the truth of the averment in ¶ 7 of the Defendant's Counterclaims.
8. Khan admits ¶ 8 of the Defendant's Counterclaims.
9. Khan is without knowledge or information to form a belief as to the truth of the averment in ¶ 9 of the Defendant's Counterclaims.
10. Khan is without knowledge or information to form a belief as to the truth of the averment in ¶ 10 of the Defendant's Counterclaims.
11. Khan states that ¶ 11 of the Defendant's Counterclaims contains so many statements and conclusions as to the 7-Eleven franchise system that as said ¶ 11 is stated (a)-(f), that Khan is

1

not able to state that the description of said system in ¶ 11 is complete or in its entirety, factually correct.

12. Khan admits ¶ 12 of the Defendant's Counterclaims.
13. Khan is without knowledge or information to form a belief as to the truth of the averment in ¶ 13 of the Defendant's Counterclaims.
14. Khan is without knowledge or information to form a belief as to the truth of the averment in ¶ 14 of the Defendant's Counterclaims.
15. Khan is without knowledge or information to form a belief as to the truth of the averment in ¶ 15 of the Defendant's Counterclaims.
16. Khan states that he has operated the store for eight years, but denies that he has "enjoyed the benefit of the 7-Eleven system".
17. Khan is without knowledge or information to form a belief as to the truth of the averment in ¶ 17 of the Defendant's Counterclaims.
18. Khan is without knowledge or information to form a belief as to the truth of the averment in ¶ 18 of the Defendant's Counterclaims.
19. Khan is without knowledge or information to form a belief as to the truth of the averment in ¶ 19 of the Defendant's Counterclaims.
20. Khan is without knowledge or information to form a belief as to the truth of the averment in ¶ 20 of the Defendant's Counterclaims.
21. Khan is without knowledge or information to form a belief as to the truth of the averment in ¶ 21 of the Defendant's Counterclaims.
22. Khan is without knowledge or information to form a belief as to the truth of the averment in ¶ 22 of the Defendant's Counterclaims.
23. Khan is without knowledge or information to form a belief as to the truth of the averment in ¶ 23 of the Defendant's Counterclaims.
24. Khan is without knowledge or information to form a belief as to the truth of the averment in ¶ 24 of the Defendant's Counterclaims.
25. Khan is without knowledge or information to form a belief as to the truth of the averment in ¶ 25 of the Defendant's Counterclaims.
26. Khan admits ¶ 26 of the Defendant's Counterclaims.
27. Khan is without knowledge or information to form a belief as to the truth of the averment in ¶ 27 of the Defendant's Counterclaims.

28. Khan is without knowledge or information to form a belief as to the truth of the averment in ¶ 28 of the Defendant's Counterclaims.
29. Khan is without knowledge or information to form a belief as to the truth of the averment in ¶ 29 of the Defendant's Counterclaims.
30. Khan is without knowledge or information to form a belief as to the truth of the averment in ¶ 30 of the Defendant's Counterclaims.
31. Khan is without knowledge or information to form a belief as to the truth of the averment in ¶ 31 of the Defendant's Counterclaims.
32. Khan is without knowledge or information to form a belief as to the truth of the averment in ¶ 32 of the Defendant's Counterclaims.
33. Khan is without knowledge or information to form a belief as to the truth of the averment in ¶ 33 of the Defendant's Counterclaims.
34. Khan denies ¶ 34 of the Defendant's Counterclaims.

## COUNT I- INFRINGEMENT

35. No response is required.
36. Khan states that this is a legal conclusion that requires no response.
37. Khan states that this is a legal conclusion that requires no response.
38. Khan states that this is a legal conclusion that requires no response.
39. Khan denies ¶ 39 of the Defendant's Counterclaims.
40. Khan denies ¶ 40 of the Defendant's Counterclaims.
41. Khan denies ¶ 41 of the Defendant's Counterclaims.
42. Khan denies ¶ 42 of the Defendant's Counterclaims.

## COUNT II- UNFAIR COMPETITION

43. No response is required.
44. Khan states that this is a legal conclusion that requires no response.
45. Khan denies ¶ 45 of the Defendant's Counterclaims.
46. Khan denies ¶ 46 of the Defendant's Counterclaims.
47. Khan denies ¶ 39 of the Defendant's Counterclaims.

48. Khan denies ¶ 48 of the Defendant's Counterclaims.

### COUNT III- BREACH OF POST-TERMINATION OBLIGATIONS

49. No response required.
50. Khan admits ¶ 50 of the Defendant's Counterclaims
51. Khan denies ¶ 51 of the Defendant's Counterclaims
52. Khan denies ¶ 52 of the Defendant's Counterclaims.

### COUNT IV- BREACH OF COVENANT NOT TO COMPETE

53. No response required.
54. Khan states that this is a legal conclusion that requires no response.
55. Khan denies ¶ 55 of the Defendant's Counterclaims.
56. Khan denies ¶ 56 of the Defendant's Counterclaims.
57. Khan denies ¶ 57 of the Defendant's Counterclaims.
58. Khan denies ¶ 58 of the Defendant's Counterclaims.
59. Khan denies ¶ 59 of the Defendant's Counterclaims.

### COUNT V- EVICTION

60. No response required.
61. Khan is without knowledge or information to form a belief as to the truth of the averment in ¶ 61 of the Defendant's Counterclaims.
62. Khan is without knowledge or information to form a belief as to the truth of the averment in ¶ 62 of the Defendant's Counterclaims.
63. Khan is without knowledge or information to form a belief as to the truth of the averment in ¶ 63 of the Defendant's Counterclaims.
64. Khan denies ¶ 64 of the Defendant's Counterclaims as to allegations that Khan does not have a right of occupancy, and Khan answers that he does not have to surrender occupancy because he lawfully occupies the premises for his 7-Eleven store.

## COUNT VI- BREACH OF FRANCHISE AGREEMENT

65. Khan states that no response is required.
66. Khan is without knowledge or information to form a belief as to the truth of the averment in ¶ 66 of the Defendant's Counterclaims.
67. Khan denies ¶ 67 of the Defendant's Counterclaims.
68. Khan denies ¶ 68 of the Defendant's Counterclaims.

## COUNT VII- REPLEVIN

69. Khan states that no response is required.
70. Khan is without knowledge or information to form a belief as to the truth of the averment in ¶ 70 of the Defendant's Counterclaims.
71. Khan states that this is a legal conclusion that requires no response.
72. Khan states that this is a legal conclusion that requires no response.
73. Khan is without knowledge or information to form a belief as to the truth of the averment in ¶ 73 of the Defendant's Counterclaims.
74. Khan is without knowledge or information to form a belief as to the truth of the averment in ¶ 74 of the Defendant's Counterclaims.
75. Khan denies ¶ 75 of the Defendant's Counterclaims.
76. Khan is without knowledge or information to form a belief as to the truth of the averment in ¶ 76 of the Defendant's Counterclaims.
77. Khan is without knowledge or information to form a belief as to the truth of the averment in ¶ 77 of the Defendant's Counterclaims.

## ANSWER TO 7-ELEVEN INC.'S PRAYER FOR RELIEF

Khan answers in the alphabetical order of the Prayer for Relief.

A. Khan requests the Court to deny this prayer.
B. Khan requests the Court to deny this prayer.
C. Khan requests the Court to deny this prayer.

D. Khan requests the Court to deny this prayer.
E. Khan requests the Court to deny this prayer.
F. Khan requests the Court to deny this prayer.
F. Khan requests the Court to deny this prayer.
G. Khan requests the Court to deny this prayer.
H. Khan requests the Court to deny this prayer.
I. Khan requests the Court to deny this prayer.
J. Khan requests the Court to deny this prayer.
K. Khan requests the Court to deny this prayer.
L. Khan requests that the Court grant such orders and relief for Khan and against 7-Eleven, Inc. in this civil action as the Court deems just.

## DEFENDANT IN COUNTERCLAIM'S AFFIRMATIVE DEFENSES TO PLAINTIFF IN COUNTERCLAIMS, 7-ELEVEN, INC.

In addition to Khan's general denials, and without assuming the burden of proof as to any such defense, Khan states as follows:

1. 7-Eleven, Inc. fails to state a claim for which relief can be granted.
2. 7-Eleven, Inc.'s damages, if any, were caused by the action of a party or parties for which the Plaintiff is not responsible.
3. 7-Eleven, Inc.'s claims are barred by the doctrines of equitable estoppel, fraud and unjust enrichment.
4. 7-Eleven, Inc. may not assert tort claims based on an alleged breach of contract.
5. Khan asserts that 7-Eleven, Inc. must join the identities of the "secret shoppers" to this civil action as indispensable parties.
6. Khan asserts that 7-Eleven, Inc.'s counterclaims are in retaliation against Khan for his assertion of his rights against 7-Eleven, Inc.'s oppressive and unfair tactics.
7. Khan reserves the right to rely upon such further defenses as may be supported by the facts to be determined.

Respectfully submitted,

THE PLAINTIFF and
DEFENDANT IN COUNTERCLAIMS,
KABEER KHAN,
By his attorney,

Dated: September 11, 2014

*/s/ John E. Pearson*
John E. Pearson, Esq.
73 State Street, Ste 101
Springfield, MA  01103
BBO # 392760
(413) 459-6391
Fax:   (413) 241-8902
pearsonjohne@comcast.net

CERTIFICATE OF SERVICE

I, John E. Pearson, Esquire, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 11, 2014.  An additional copy of the foregoing was served by first class mail, postage prepaid and by email upon John P. Francoeur, Levin & Levin, 138 Rock Street, Fall River, Massachusetts  02722, jpf@levin4law.com on September 11, 2014

Dated: September 11, 2014

*/s/ John E. Pearson*
John E. Pearson