UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KABEER KHAN,

Plaintiff       :

:

V.                              :       CIVIL ACTION NO:

:

7-ELEVEN, INC.,                 :       1:14-CV-13384-WGY

:

Defendant    :

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION

Now comes the plaintiff, Kabeer Khan, by his attorney, and presents this memorandum in support
of the plaintiff's motion for a preliminary injunction to enjoin the defendant, 7-Eleven, Inc., to re-
instate all rights and privileges of the plaintiff to his 7-Eleven franchise and to cease and desist from
its termination measures of the plaintiff's franchise and other relief.

STATEMENT OF FACTS

1.  On or about October, 2006, the plaintiff, Kabeer Khan, entered into a franchise agreement
    with 7-Eleven, Inc., a corporation organized under the laws of the state of Texas with a
    principal place of business in Dallas, Texas, for 7-Eleven Store 32449B located at 1040
    North Main Street, Fall River, Massachusetts.

2.  7-Eleven, Inc. issued a notice of material breach dated August 7, 2014 marked as **Exhibit B**
    in the defendant, 7-Eleven, Inc.'s, answer and counterclaims alleging that Khan, among
    various allegations of breach, "you and your employees have engaged in a pervasive scheme
    to defraud by providing purposely inaccurate information through 7-Eleven's point of sale
    and cash reporting systems.  This [sic] purpose of this scheme is to further an enterprise of
    accepting EBT ("Electronic Benefit Transfers") in exchange for cash and ineligible products
    like cigarettes".

3.  On August 12, 2014, the plaintiff received a notice of non-curable termination of his 7-
    Eleven franchise alleging fraudulent activity, breach of franchise agreement and infringement

1

of 7-Eleven marks.  On or about August 12, 2014, the plaintiff brought a civil action in Bristol Superior Court (Mass) against 7-Eleven, Inc. to seek legal and equitable relief by the Court against 7-Eleven, Inc. to re-instate the plaintiff's rights under the franchise agreement and damages for various counts against 7-Eleven, Inc.

4.  7-Eleven, Inc. in its notice of termination dated August 12, 2014 marked **Exhibit C** in the defendant, 7-Eleven, Inc.'s answer and counterclaims asserts that the plaintiff, Khan did not cure certain breaches of the franchise agreement and, therefore, Khan is terminated from use of service mark, trade secrets, lottery, store supplies and other things or functions.

5.  The said notice of material breach goes on to allege that Sameer Khan's, the brother of the plaintiff, Kabeer Khan, involvement in EBT fraud was recorded/video taped.

6.  In the affidavit of Kabeer Khan, Attachment A (see sections 6, 8 and 9), Khan denies that he has engaged in any fraudulent transactions with EBT or against 7-Eleven, Inc., that he had no knowledge of fraudulent activity by his brother, Sameer Khan, if such ever occurred, and that, in any event, when 7-Eleven, Inc. accused Khan of such fraudulent activity by Sameer Khan, Kabeer Khan immediately terminated his brother Sameer Khan's employment at Khan's 7-Eleven store (see sections 6, 8 and 9).

7.  In attachment B to the plaintiff's motion for preliminary injunction which is a financial summary of Khan's 7-Eleven store for the years ending December, 2012 and December, 2013, this summary shows an increase in total sales as follows:

    (a)  Year ending 2012:  $1,370,611.36;

    (b)  Year ending 2013:  $1,425,169.60

    for a net increase of $54,556.  Such an increase of sale totals is positive evidence that Khan was operating an honest and productive business and not engaged in the self-destructive fraudulent activity that 7-Eleven, Inc. alleges.

8.  In the said affidavit of Kabeer Khan, in section 4(c), Khan states that 7-Eleven, Inc. sends notices of termination to 7-Eleven stores "where the store revenue has significantly increased over time.  Khan further states that "7-Eleven, Inc. is then able to re-franchise the store with a new franchise fee and revised profit sharing percentage to favor 7-Eleven, Inc."

9.  In said Kabeer Khan's affidavit, sections 10 and 11, Khan states that the video clip shown on or about August 8, 2014 to demonstrate that Sameer Khan was involved in an illegal EBT transaction, that on the dates of either 1-10-13 or 10-1-13, that there was no video surveillance camera recording on either of those dates and that, therefore, there is an

2

implication that 7-Eleven, Inc. has provided a false video recording in an attempt to prove its allegations of EBT or other fraud.

10. In said Kabeer Khan's affidavit, section 13 (a), (f) and (g), Khan alleges that persons even as of September 10, 2014 were in Khan's 7-Eleven store seeking to engage in activity to bribe the new manager with EBT fraud and other harassing and offensive behavior (see section 13 (b), (c), (d) and (e). These persons' activities give the appearance of 7-Eleven, Inc. agents seeking to buttress their termination case against Khan.

11. In said Kabeer Khan's affidavit, section 15, Khan states that with the many store functions taken away by 7-Eleven, Inc., such as (a) no lottery, (b) no money orders, (c) no phone card activities (d) no financing and other functions, Khan states that "this may or soon put me out of business if relief from the unilateral, unjustified termination activity by 7–Eleven, Inc. is not stopped and the normal functions not restored."

## ARGUMENT

In determining whether to issue a preliminary injunction, a court must consider the following four factors in the granting of a preliminary injunction:

1. The likelihood of the moving party's success on the merits of the underlying civil action;

2. The likelihood of irreparable harm to the moving party in the event that a preliminary injunction were denied;

3. A comparison between the harm to the moving party if a preliminary injunction is not granted and the harm to the opposing party if such be granted; and

4. The impact to the public interest.

*Borinquen Biscuit Corp v. M.V. Trading Corp., 443 E. 3d 112, 115 (1st Cir 2006)*

This memorandum is supported by the exhibits or attachments that are referenced in the plaintiff's Motion for Preliminary Injunction. In addition to this memorandum, they are:

1. Verified Complaint dated August 12, 2014 originally filed in Bristol Superior Court;

2. Attachment A: Affidavit of Kabeer Khan dated September 11, 2014 in support of Plaintiff's Motion for Preliminary Injunction;

3

3.  Attachment B:  7-Eleven financial summary of plaintiff's store for years ending December, 2012 and December, 2013,

## A.  LIKELIHOOD OF SUCCESS ON THE MERITS

The plaintiff, by his affidavit and other supporting documentation, refutes the allegations of the defendant and has reasonably created the circumstantial inference that the defendant has falsely accused the plaintiff of fraud to wrongfully seek to deprive the plaintiff of his 7-Eleven franchise and investment.

The defendant, 7-Eleven, Inc.'s unilateral termination of the plaintiff's franchise prior to a judicial decision on the merits and to deem the plaintiff is in violation of a non-compete clause in the franchise agreement, has the immediate effect of depriving the plaintiff of the property in his franchise store without due process of a full evidentiary hearing and trial on the merits.

The plaintiff denies the charges of the defendant that Kabeer Khan has engaged in fraud against the defendant by failing to "cause all transaction information to be properly, accurately, truthfully and completely recorded and reported…", denies having engaged in a "pervasive scheme to defraud by providing purposely inaccurate information through 7–Eleven's point of sale and cash reporting systems…", or "exchang[ing] for cash ineligible products like cigarettes…". (Material Breach Letter attached as Exhibit 1 to the Complaint).  The plaintiff denies dishonest or fraudulent activity, denies cigarette inventory fraud, denies fraud or stealing, denies pocketing money, denies EBT fraud and denies that sales were not accounted for or credited in the cash register.

The plaintiff asserts that 7-Eleven, Inc. seeks to terminate franchisees, targeting stores who show a significant increase in revenue in order to re-franchise to a new person for a new franchise fee, and a revised profit sharing percentage to favor 7-Eleven, Inc.

Further, in his affidavit, section 4(b), Kabeer Khan states that he is a leader in the East Coast Franchise Owners Association opposing 7-Eleven forcing the franchisee stores to carry large quantities of inventory which do not sell or linger in the stores for long periods of time and which the franchisees do not want or need, but from which 7-Eleven, Inc. benefits on the interest on the financing of the said inventory.  The plaintiff, based on the affidavit of Kabeer

Khan and other supporting documentation, demonstrates that the plaintiff has a substantial likelihood of success.

B.  IRREPARABLE HARM

By the defendant, 7-Eleven, Inc. to prohibit the plaintiff from the use of the defendant's service marks and similar identifying characteristics of a 7-Eleven franchise in conjunction with the defendant's unilateral termination of the plaintiff's franchise has the effect of inexorably destroying the plaintiff's business as a 7-Eleven franchise and major investment.  The plaintiff's harm would (1) be to put him out of business, (2) his franchise fee would be lost, (3) his business investment lost, .(4) the goodwill built up over seven (7) years lost, (5) a means of earning a living lost, all on unproven and disputed allegations.  The allegations by the defendant of fraudulent conduct by Kabeer Khan or his employees are vigorously denied in his affidavit which is incorporated into this memorandum of support.

The plaintiff has had his franchise in good standing since October, 2006.  The allegations of fraudulent conduct by the plaintiff or his manager are refuted and there are reasonable inferences to be drawn from the affidavit of Kabeer Khan of dishonest motivations of the defendant to deprive the plaintiff of his 7-Eleven franchise store and investment.

In that regard, the plaintiff maintains that equitable relief is needed to prevent the unilateral termination of the plaintiff's 7-Eleven franchise and to re-instate all of the rights of the plaintiff to his franchise.

C.  COMPARISON OF HARM

On the criteria of a comparison between the harm to the moving party (Khan) and the harm to the opposing party (7-Eleven, Inc.) depending upon whether or not a preliminary injunction is granted, the plaintiff, Khan, asserts that the underlying contending facts and the respective harm to Khan or 7-Eleven, Inc. strongly weigh in favor of granting the plaintiff, Khan's preliminary injunction.  The plaintiff has operated his franchise in good standing for over seven (7) years. The plaintiff has denied the charges made by the defendant in a sworn affidavit and other supporting documentation.  There are reasonable inferences to be drawn that the defendant is falsely accusing the plaintiff of fraud in order to re-franchise to a new person or entity which would deprive the plaintiff of capitalizing on his franchise investment.

5

In the balance, if the plaintiff, Khan's preliminary injunction were denied, the effect on the plaintiff would be catastrophic. On the other hand, the harm to the defendant, 7-Eleven, Inc., would be small in comparison and only until further court procedures of discovery, motion for summary judgment, trial or settlement, in which case the defendant, 7-Eleven, Inc., would obtain damages if it should prevail in its counterclaims.

D.       IMPACT ON THE PUBLIC INTEREST

The fourth criteria is a consideration of the impact on the public interest. By this criteria, the weight of the facts and equity are in favor of the granting of the plaintiff's motion for a preliminary injunction. Taking into consideration the prior sections in this memorandum, the public interest standard is upheld by allowing a small business person to defend himself in court against the charges made by the defendant, especially as in this case where the plaintiff has strong factual refutations of the allegations made by 7-Eleven, Inc., a large franchise corporation which would destroy a small franchisee under highly contested circumstances.

Based upon the facts and arguments made herein, the plaintiff respectfully request that the plaintiff's motion for a preliminary injunction be granted.

                                   Respectfully submitted,

                                   The Plaintiff,
                                   KABEER KHAN,
                                   By his attorney,


Dated: September 11, 2014          John E. Pearson
                                   _____
                                   John E. Pearson, Esq.
                                   73 State Street, Ste 101
                                   Springfield, MA  01103
                                   BBO # 392760
                                   (413) 459-6391
                                   Email:  pearsonjohne@comcast.net

6

CERTIFICATE OF SERVICE

I, John E. Pearson, Esquire, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and electronic copies will be sent by electronic mail to those indicated as non-registered by first class mail, postage prepaid on September 11, 2014.


Dated:  September 11, 2014

John E. Pearson