UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| KABEER KHAN, | | |
|---|---|---|
| Plaintiff | : | |
| V. | : | CIVIL ACTION NO: |
| 7-ELEVEN, INC., | : | 1:14-CV-13384-WGY |
| Defendant | : | |

**PLAINTIFF, KABEER KAHN'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR CONTINUANCE AND RECONSIDERATION FOR DISCOVERY**

Now comes the plaintiff, Kabeer Khan, by his attorney, John E. Pearson, and presents this memorandum in support of the plaintiff's motion for a continuance of the consolidated F.R.C.P. Rule 65(a)(2) hearing of the motions for preliminary injunctions and the trial on the merits from October 1, 2014 and reconsideration to allow the plaintiff's attorney to conduct reasonable discovery prior to the dispositive hearing on the opposition motions for preliminary injunctions and trial on the merits.

The plaintiff, by his attorney, states that the motion for continuance is made for good cause and states that this request for a continuance is based upon the need for discovery and that this motion is not brought for any purpose to prejudice the defendant or delay justice.

The plaintiff, by his attorney, represents to the Court that, pursuant to the Federal Rules Analysis, L.R. 40.3 entitled continuances under F.R.C.P. Rule 40, part (A) of L.R. 40.3 states: "A motion for the continuance of a trial, evidentiary hearing, or any other proceeding will be granted only for good cause."

The plaintiff, by his attorney, cites several Federal cases which address the standard for when the Court may grant a continuance.

1

In *Sequa Corp. v. GBJ Corp, 156 F.3d 136, 147-148 (2nd Cir. 1999)*, the Court states:

> "(i) A district court's rulings regarding discovery and the conduct of a trial (including the conduct of an ancillary evidentiary hearing) will not be disturbed on appeal absent an abuse of discretion. (citations omitted)...Such a ruling will not be disturbed unless clear abuse is shown; to make that showing, the complaining party must establish both that the denial of the adjournment was arbitrary, and that it substantially impaired the presentation of his case. *See Dow Chem. Pac. Ltd.*, 782 F.2d at 341-42."

In *U.S. v. Beverly, 5 F.3d 633, 641 (2nd Cir. 1993)* the Court states:

> "A trial judge has broad discretion in regulating the timetable for trial. *United States v. Bein*, 728 F.2d 107, 114 (2d Cir. 1984). A district court's decisions regarding the timetable for trial will not be reversed absent an abuse discretion. *Id.* At 114. To demonstrate an abuse of this discretion, a defendant must demonstrate arbitrary action that substantially impaired the defense.

In *U.S. v. Cusack, 229 F.3d 344, 349 (2nd Cir. 2000)* the Court states:

> "A district court has broad discretion to grant or deny a motion for a continuance. *See United States v. Pascarella*, 84 F.3d 61, 68 (2d Cir 1996). Because Cusack did not announce his intention to call Phillips until after the start of trial, and the content of Phillips' testimony was not known, the district court did not abuse its discretion by denying the continuance. *See United States v. Beverly*, 5 F.3d 633, 64 (2d Cir. 1993) ('To demonstrate an abuse of this discretion, a defendant must demonstrate arbitrary action that substantially impaired the defense.')"

In *Farias v. Instructional Systems, Inc., 259 F.3d 91, 99-10 (2nd Cir. 2001)* the Court states:

> "The decision to deny a continuance rests within the sound discretion of the trial court and will be overturned only for an abuse of discretion."

This memorandum is supported by the Declaration Attorney John E. Pearson (Exhibit A).

The plaintiff, by his attorney, respectfully requests that the Court allow the motion for a continuance, to reconsider the order for consolidation to allow discovery, set a new trial date and other relief that the Court may deem just.

                                            Respectfully submitted,

                                            The Plaintiff,
                                            KABEER KHAN,
                                            By his attorney,

Dated: September 26, 2014                         /s/ John E. Pearson
                                            John E. Pearson, Esq.
                                            73 State Street, Ste 101
                                            Springfield, MA 01103
                                            BBO # 392760
                                            (413) 459-6391
                                            pearsonjohne@comcast.net

## CERTIFICATE OF SERVICE

I, John E. Pearson, Esquire, hereby certify that this *Plaintiff, Kabeer Kahn's Memorandum In Support Of Plaintiff's Motion For Continuance and Reconsideration for Discovery* filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and electronic copies will be sent by electronic mail to those indicated as non-registered by first class mail, postage prepaid on September 26, 2014.

Dated: September 26, 2014                         /s/ John E. Pearson
                                            John E. Pearson