UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**KABEER KHAN**,

    Plaintiff,

v.

**7-ELEVEN, INC.**,

    Defendant.

Civil Action No. 1:14-cv-13384-WGY

**7-ELEVEN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR CONTINUANCE AND FOR RECONSIDERATION FOR DISCOVERY**

Defendant 7-Eleven, Inc. ("7-Eleven") opposes Plaintiff's Motion for Continuance and For Reconsideration for Discovery (Doc. 31) and says:

**I.    ARGUMENT**

During the Friday, September 19, 2014, hearing on the parties' cross motions for a preliminary injunction, the Court ordered consolidation of the motions with trial on the merits under Rule 65(a)(2) and set trial to begin at 9:00 a.m. on October 1, 2014. (Doc. 25). A week later, at 5:45 p.m. on Friday, September 26, 2014, Plaintiff Kabeer Khan ("Mr. Khan") made the instant motion requesting a continuance of the trial. As grounds, Mr. Khan notes the recent appearance of new counsel, Jeffrey Denner and a need to conduct discovery.

A continuance of trial is matter reserved to the broad discretion of the district judge. Macaulay v. Anas, 321 F. 3d 45, 48-49 (1st Cir. 2003). 7-Eleven therefore suggests that an examination of the circumstances leading to Mr. Khan's request for a continuance compels the denial of his motion.

First, Mr. Khan has three lawyers representing him in this matter. One of those lawyers first appeared only a few days ago -- September 25, 2014 -- but surely, that recent appearance was made with knowledge of the upcoming trial date and not with an intention to seek disruption

1

of it. (See Doc. 29 (appearance of Attorney Jeffrey Denner)). Moreover, there is no suggestion that the recently-appearing lawyer's full familiarity with this matter is critical to a fair presentation of Mr. Khan's proofs and position.

As to discovery, the exact reasons for 7-Eleven's termination of his franchise agreement have been known to Mr. Khan for nearly two months and relate to conduct occuring at Mr. Khan's store for a year or more. Specifically, on August 7, 2014, 7-Eleven provided Mr. Khan with a notice of material breach. This notice detailed 7-Eleven's proof of the massive EBT fraud ongoing at Mr. Khan's franchised store and the inaccurate reporting of store transactions attendant to that fraud. (See Doc. 5-2 (Notice of Material Breach)). Mr. Khan sued 7-Eleven just a few days later -- on August 12th. On September 11, 2014, Mr. Kahn filed a motion for preliminary injunction, essentially representing that he was prepared to litigate the factual issues relating to 7-Eleven's notice of material breach and later termination of the franchise agreement on an expedited basis. But Mr. Khan has not made a single discovery request[1] since filing his complaint and motion for preliminary injunction, even after he was informed at the September 19, 2014, hearing that the parties' cross-motions for preliminary injunction were consolidated with trial on the merits of their competing requests for permanent injunctive relief. Mr. Khan should not now be heard to have a crucial need for discovery necessitating the delay of that trial when he has not been pursued discovery with diligence in the first instance.

Concerning 7-Eleven's summary of the video evidence, this summary sets forth several hundred of instances of EBT fraud ongoing at Mr. Khan's store, corresponding transaction data

---

[1] Although Mr. Khan's Motion suggests that the Court failed to allow discovery between the hearing date and the trial date, the Court made no such ruling and instead endorsed 7-Eleven's position that the accelerated trial be bifurcated on liability and damages so that any interim discovery could be appropriately focused. Counsel for 7-Eleven and the Court expressly communicated the expectation that the parties were to cooperate in the exchange of expedited discovery in advance of the October 1 trial date, but counsel for Khan failed to request any deposition or other discovery prior to filing the Motion for Continuance.

2

and video observations. Again, Mr. Khan has known since the beginning of August that 7-Eleven possessed this evidence, but has made no attempt to review it, and notably has not requested copies of the source materials and has otherwise ignored 7-Eleven's requests to engage in normal pretrial activities such as the exchange of witness and exhibit lists.

Mr. Khan articulates no specific need for depositions of 7-Eleven employees, Mary Cadigan, Christopher Havis, and Chris Spaccaforno, in advance of the trial other than to state a general desire that they occur. Without such explanation, 7-Eleven is unable to respond to the suggestion that depositions of these witnesses will provide Mr. Khan with any additional information necessary to prepare for trial, however, 7-Eleven notes that each witness gave a detailed declaration of the witness's knowledge in connection with the parties' competing preliminary injunction motions. 7-Eleven is also unable to discern a (legitimate) reason why trial in this matter needs to be delayed so that Mr. Khan can find out if the illegal EBT fraud ongoing at his store has been reported to enforcement authorities.

As to supposed need for an extension to schedule the deposition of Sameer Khan, there is no indication that Sameer Khan is not in a position to work with Mr. Kahn's counsel to provide whatever favorable testimony Mr. Khan anticipates at trial, if he is expected to cooperate in the scheduling of a deposition to provide such testimony. Sameer Khan is, after all, Mr. Khan's brother and appointed manager of the store and he is the person shown on video by 7-Eleven to be engaged in repeated EBT fraud at Mr. Khan's store (occasionally in the presence of Mr. Khan). In any event, 7-Eleven has subpoenaed Mr. Sameer Khan to appear for the trial and he will be available for cross examination by Mr. Khan's counsel at that time.

Mr. Khan also suggests a need to depose Kurt McCord, a former, disgruntled employee of 7-Eleven who has criticized its investigations of other franchisees. Mr. Khan makes no suggestion that Mr. McCord has any knowledge of this case and nothing in 7-Eleven's records,

or in the collective recollection of 7-Eleven's asset protection personnel, suggests that Mr. McCord had any involvement in the investigation of Mr. Khan's store or even in any kind of investigation similar to the EBT Fraud found to be occurring at Mr. Khan's store. Indeed, if this deposition was critical to Mr. Khan's preparation for trial, and not to serve some scurrilous, untoward purpose, 7-Eleven would have expected Mr. Khan to have mentioned a need to schedule the deposition before the eve of trial—and certainly at the preliminary injunction hearing—but it was not.

7-Eleven suggests that the real purpose of Mr. Khan's motion is delay. The longer trial is delayed, the longer Mr. Khan is able to stay in possession of the store, to pirate 7-Eleven's goodwill and make illegal use of 7-Eleven's trademarks. While 7-Eleven would enjoy the luxury of additional time to prepare, the ongoing, incalculable harm resulting from Mr. Khan's unlicensed use of its marks and business system demands that 7-Eleven seek the shortest possible avenue to resolution of its claims that Mr. Khan's conduct should be enjoined.

## II. CONCLUSION

Mr. Khan has not demonstrated good cause for a continuance of trial. Mr. Khan sought a preliminary injunction, of course, essentially representing that he had already mustered the proof necessary to support his claims in connection with that motion. Furthermore, Mr. Khan has not taken 7-Eleven up on its offer to cooperate in the exchange of expedited discovery and he has not articulated a good reason for asking this Court to postpone the commencement of trial in order to pursue discovery that he has not even requested or otherwise attempted to complete in advance of the trial as currently scheduled. Accordingly, 7-Eleven requests that Mr. Khan's Motion for Continuance be denied.

Dated: September 28, 2014

Respectfully submitted,

7-ELEVEN, INC.,
By its attorneys,

s/Christian C. Burden
Steven M. Cowley (BBO #554534)
Carolyn A. Alenci    (BBO# 675744)
DUANE MORRIS, LLP
100 High Street, Suite 2400
Boston, MA  02110
Tel:  1-857-488-4200
Fax:  1-847-488-4201
smcowley@duanemorris.com
caalenci@duanemorris.com


Christian C. Burden (Pro Hac Vice)
Quarles & Brady LLP
101 E. Kennedy Blvd., Ste. 3400
Tampa, Florida 33602
Tel: (813) 387-0265
chris.burden@quarles.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 28, 2014.

Additionally, a copy of the foregoing was sent by email and U.S. Mail to:

John P. Francoeur
Levin & Levin
138 Rock Street
Fall River, MA  02722
(jpf@levin4law.com)

                                                s/Christian C. Burden
                                                Christian C. Burden